ANDREW E. BLAIR v. THE GRAND RAPIDS & INDIANA RAILROAD COMPANY.

*Demurrer—What facts will be considered by the court—Signalling railroad train—Engineer not required to heed signal given by a stranger—Negligence to attempt to enter car in running train.*

1. In passing upon the questions raised by a special demurrer to a declaration, the court can only consider the statements of fact properly made therein, and from them, upon a proper application of the law, determine whether or not the plaintiff has a cause of action against the defendant; and the court can only draw such conclusions from the facts, so stated, as would have come strictly within the province of the jury, and cannot consider any conclusion stated by the pleader, based upon the facts, or the circumstances surrounding them, which would not naturally and necessarily result therefrom, and these are the proper facts to be pleaded.

2. Plaintiff, not being in the employ of defendant, at the request of one of its watchmen attempted to signal and stop a running train, and to that end attempted to board the train when in motion, and was seriously injured. The watchman had instructed plaintiff fully as to the proper signals to be given, but no request was made that he should attempt to board the train under any circumstances, nor

did it appear that the watchman had any authority to make such a request.

*Held,* in a suit brought to recover of the railroad company damages for the injuries sustained, that the case, upon the facts, must be regarded as one in which the service attempted was voluntarily assumed by the plaintiff, and therefore, necessarily, at his own risk.

3. It has always been regarded as negligence for a stranger or a passenger to attempt to enter a car, in a running train; and especially must such be the case where the attempt is made when the train is running across the country, at a distance from a station or depot, with all the surroundings plainly visible and forbidding in their character.

4. An engineer is not required to heed a signal to stop his train, given by a stranger, when no danger is in sight or reasonably apprehended.

5. The case stated in the declaration shows not only a want of ordinary care, but gross negligence on the part of the plaintiff, amounting to extreme rashness and recklessness. His act was voluntary and utterly uncalled for upon the facts stated.

Case made from the superior court of Grand Rapids. (Parrish, J.)   Argued February 2, 1886.   Decided February 17, 1886.

Case.   Plaintiff alleges error.   Affirmed.   The facts are stated in the opinion.

*Birney Hoyt,* for appellant :

Under the circumstances stated in the declaration it was the duty of plaintiff to make every effort to stop the train, not amounting to wanton recklessness, the purpose being to save life ; and it was his duty to signal the train to stop : *Eckert v. Long Is. R. R. Co.* 43 N. Y. 502 ; *Linnehan v. Sampson,* 126 Mass. 506 ; *Everhart v. Terre Haute R. R. Co.* 78 Ind. 292 ; *Rexter v. Starin,* 73 N. Y. 601 ; 2 Rorer on Railroads, 1029 ; Pierce on Railroads, 329 ; Moak's Underhill on Torts, 284 ; Cooley on Torts, 679 ; 2 Thompson on Negl. p. 1174, § 21 ; and plaintiff was not guilty of contributory negligence.   Where the purpose is to save human life, it is not contributory negligence to take risks which do not amount to recklessness, and when the action taken seems likely to accomplish the object.   (Same cases above cited.)   Plaintiff was not an interloper, but a man acting under a duty placed upon him by law, and the defendant owed the duty to him to obey his signal to stop as much as to an employe.   (Same cases.)   *Beem v. C. R. & P. R.*

*Co.* 58 Iowa, 150. The defendant having willfully disregarded such signal, properly made and seen by its conductor, such action was negligence on its part, and the cause of the injury complained of, and plaintiff is entitled to recover, regardless of any question of contributory negligence: Cooley on Torts, 674; *Malmsten v. M. H. & O. R. R.* 49 Mich. 94. Whether the action of the plaintiff was rash or reckless was a question of fact for the jury: Moak's Underhill on Torts, 284; *Eckert v. Long Is. R. R.* 43 N. Y. 502, and other cases above cited.

The wrongful failure of defendant to obey the signal, placed plaintiff in a position where he was obliged to act upon the instant and without time to deliberate; under such circumstances the law does not require him to choose the best or most prudent course: *Buel v. N. Y. Cent.* 31 N. Y. 314; *Coulter v. Am. Mer. Ex. Co.* 5 Lansing 67; (56 N. Y. 585;) *Stokes v. Saltonstall,* 13 Peters 181; *Collins v. Davidson,* 19 Fed. Rep. 83.

*T. J. O'Brien* and *J. H. Campbell,* for defendant:

The demurrer was properly sustained. "The presence of persons on the track does not require the servants of a railroad company to stop or even check the train, unless the circumstances show the approach of the train is not observed, or the persons are unable to leave the track": *Mobile &c. R R. Co. v. Blakely,* 59 Ala. 471; *Tanner v. Louisville, &c. R. R. Co.* 60 Ala. 621; *Pakalinsky v. N. Y. C. &c. R. R. Co.* 82 N. Y. 424; *East Tenn. R. R. Co. v. Swaney,* 5 Lea (Tenn.) 119; *Phila. & Read. R. R. Co. v. Spearen,* 47 Penn. St. 300; 2 Rorer on Railroads, 1032; *Maher v. A. & P. R. R. Co.* 64 Mo. 267. "When an engineer sees a man at the side of the track, it is not his duty to infer that the latter will walk into danger": *Scudder v. Ind. Peru & C. Ry. Co.* 1 Ind. Superior Court Reporter, 481. The plaintiff seems to rely upon certain cases which appear to hold that the law will not impute negligence to an effort to preserve human life, if, from the appearances, the party had reason to believe he might succeed in the attempt, though not without danger of failure and injury to himself. In all the cases cited by him the defendant was guilty of negligence, and the consideration that plaintiff's action was taken for the preservation of human life, was invoked to relieve him from the charge of contributory negligence, which, in the absence of such consideration, he would be held to have been guilty of.

SHERWOOD, J.   This is a case made, coming from the superior court of Grand Rapids.   It calls for a review of the action of that court in sustaining a demurrer to the plaintiff's declaration, and entering final judgment against him.

The declaration contains three counts, which are quite lengthy.   The plaintiff's case as stated in the first two counts is substantially as follows :

That the said defendant, before and at the time of the committing of the grievances complained of, was conducting and operating its railroad in the State of Michigan, through the township of Plainfield, in the county of Kent, through which Rogue river runs, which is crossed in two places by defendant's road on bridges, one of which is called " Bridge No. 1," and the other " Bridge No. 2."   These bridges are about a half mile apart, No. 1 being about 14 feet above the water.

That the defendant had in its employ, on the day the injury complained of occurred, one George S. Powell, as a watchman, whose duty was to watch the said bridges and the track between and near the same, between trains, and give notice at once to the defendant •of any defects in the bridges or track, and especially to stop locomotives and trains on their approach, and give the necessary signals for that purpose, and thus prevent injuries and accidents to persons and property.

The declaration then avers that the plaintiff, who was not connected with defendant's company in any way, was, on the twenty-first day of August, 1878, requested by the said Powell to go north from bridge No. 1 to bridge No. 2 and stop the construction train which was soon to arrive, and inform the conductor of a broken rail in the road a short distance above bridge No. 1, while he, the watchman, went south to stop trains coming from that direction.   Plaintiff was instructed as to the signals to make, and told to stop the train at all hazards, as there was imminent danger of the loss of the lives of some 30 men on the train, and great loss of property.   Plaintiff, before starting, saw the broken rail, which was a piece about one foot long broken entirely out of the

rail and fallen down at both ends. Plaintiff was only 21 years of age, but believing that such imminent danger existed, and that there was no other person who could avert it, undertook to stop the train, and, knowing that such danger did exist, he went to bridge No. 2, and when the train came in sight running backwards, with the conductor on the nearest car, he made the proper signal for the train to stop, and repeated such signal a number of times in plain view of the conductor, who saw all of the signals. The train slacked, but when opposite plaintiff it appeared that the conductor and train were going on to the place of danger, and the plaintiff, having but an instant to consider what he should do, as the train was going by him running slowly, acted on the impulse of the moment and undertook to get on the forward platform of the caboose car for the purpose of giving information of the danger; that this action on the part of the plaintiff was not rash or reckless, and only such chances of injury were taken as a prudent man would take under such circumstances to save life. The conductor did not obey the signal, and did not stop the train; whereby the plaintiff was violently thrown down and injured in the manner stated in the declaration, substantially disabling him for life.

The third count, in addition to what is stated above, avers that gravel had been permitted to be piled up by the defendant at the side of the track, which contributed to the plaintiff's injury by causing his footing to be insecure when attempting to get on the train, and by causing him, when thrown down, to roll against the oil boxes.

The demurrer was special, and the substance of the grounds is fully stated in the following paragraphs:

1. Ordinary care on the part of said defendant did not, at the time and place in said counts mentioned, require, and it did not then and there become, and was not the duty of, the said defendant, on said signals being made, to stop the said train at once or at all, for the purpose stated in said count or otherwise.

2. The defendant did not disregard any duty, at the time and place in said count mentioned, in not stopping the said

train at once or at all, and in not regarding or complying with the said signals.

3. The said defendant, by its agents and servants, did not, in continuing to run said train along said road, act willfully, recklessly, wrongfully, or negligently.

4. The alleged injuries of the plaintiff were not caused by the fault, neglect, or wrong of the defendant, its agents or servants, in any respect.

5. No relation existed between the defendant and the plaintiff which imposed upon the defendant, its agents or servants, any duty to the plaintiff with respect to the running or the conduct of its said train at the time and place, and under the circumstances, alleged in said count, nor with respect to which any negligence or wrong can be imputed to the defendant.

6. It does not appear that the watchman, Powell, had any authority to direct plaintiff to perform the service in question.

7. The plaintiff was under no obligation to perform the service alleged to have been undertaken by him.

8. It does not appear but that the conductor, or persons having charge of said train, were in the act of stopping said train, or intended to stop, when plaintiff attempted to board said train, and sustained the alleged injury.

9. It does not appear that said train did not stop.

10. No relation existed between the plaintiff and the defendant whereby any duty was imposed on the defendant, its agents or servants, to have the road bed of said road clear of obstacles, and not to have gravel and earth piled near its track at the time and place in said count stated; or any duty in regard to the condition of its road-bed and track at said time and place, or to stop said train, or any duty in relation to the conduct of said train, or to regard any signals made by the plaintiff.

11. Ordinary care and prudence on the part of the defendant, at the time and place in said third count mentioned, did not require, and it did not become and was not the duty of the defendant to have the road bed of said road clear of obstacles, and not to have gravel and earth piled near its track, so that persons whose duty it might be to go on said track, or near the same, should not be subject to any unusual danger thereby.

12. It was not the duty of the plaintiff to go onto said track, or near the same, at the time and place and under the circumstances in said count stated.

13. Ordinary care and prudence on the part of the defendant did not, at the time and place in said count stated, require, and it did not then and there become and was not the duty of the said defendant to stop the said train at once or at all, on said signals being made for the purpose stated in said count, or for any other purpose whatever.

In passing upon the questions raised in this case we can only consider the statements of fact made by the plaintiff, and from them, upon a proper application of the law, determine whether or not the plaintiff has a cause of action against the defendant. The demurrer admits the facts properly stated in the declaration to be true.

We are permitted to draw such conclusions only, from the facts stated, as would have come strictly within the province of the jury. We cannot consider any conclusion stated by the pleader in the declaration, based upon the facts or the circumstances surrounding them, which would not naturally and necessarily result therefrom, and these alone are the proper facts to be pleaded.

Keeping these rules in view we proceed to consider the averments made in the declaration, upon which the decision of the case is made necessarily to depend.

The plaintiff was not in the employ of the company, and it owed no duty to him on that account. It is true he had been requested to go north and signal the train to stop, by Powell, and, in making the request, he was told just what to do, and how to do it ; but no part of the instructions given included a request that the plaintiff should make the attempt to board the train under any circumstances.

It does not appear that Powell had any authority to make the request. Be this as it may, however, it certainly appears the plaintiff exceeded the instructions given, and he was under no legal duty to obey them, however strong might be the claims of humanity and his moral obligation so to do. But under no circumstances would the duty springing from these latter obligations require him to imperil his own life, or subject himself to any great danger, however laudable and praiseworthy his efforts might be : *Eckert v. Long Is.*

*R. R.*, 43 N. Y. 502 ; 2 Thompson on Neg. 1174.   We must, therefore, regard the case upon the facts stated as one in which the service attempted, and which resulted so disastrously to the plaintiff, was voluntarily assumed upon his part, and, therefore, necessarily at his own risk.   Fearing that the signals he had given, though seen by the managers of the train, had not been understood, or, if understood were to be entirely disregarded, to the great danger and imminent peril of the persons upon the train which was just then passing him at a rate of speed not exceeding four miles an hour, he rushed over a sandy embankment upon the side of the track to the caboose car and made an attempt to get upon its platform, and, failing in his effort, was knocked down by the cars, and in this manner received the injury of which he complains, and for which he seeks to recover damages of the company.   Upon these facts the circuit judge sustained the demurrer, and we think his ruling was correct.

It is claimed on the part of the plaintiff :

1. That it was the duty of this plaintiff to make every effort he could to stop the train without being wantonly reckless.

2. That he was guilty of no contributory negligence in his attempt to enter the car in the running train.

3. That it was the duty of the defendant to have stopped its train when signaled by the plaintiff.

4. The defendant was guilty of wanton and willful negligence in not stopping the train, and in such case the contributory negligence of the plaintiff cannot be urged to prevent recovery.

5. That in any event, as the effort of the plaintiff was to save human life, in immediate peril, whether the act of the plaintiff was rash or reckless, was a question for the jury and not for the court.

The first point made by plaintiff's counsel we have already considered.

The second point is not well taken.   It has always been regarded as negligence for a stranger or a passenger to attempt to enter a car in a running train, and, we think, rightly so ; and especially must such be the case where the

attempt is made when the train is running across the country, at a point not in near proximity to a station or depot, and when all the surroundings are plainly seen, and forbidding in their character, as in this case : *Knight v. Pontchartrain R. R. Co.* 23 La. An. 462; *Hubener v. New Orleans & Carrol. R. R. Co.* Id. 492; *Rensaler v. Saratoga R. R.* 49 N. Y. 177; *Chicago, B. & Q. R. R. v. Hazzard,* 26 Ill. 373; *Dumont v. New Orleans & Carrol. R. R.* 9 La. An. 441; *R. R. Co. v. Aspell,* 23 Penn. St. 147; *Ill. C. R. R. Co. v. Abel,* 59 Ill. 131; *Gavett v. Manchester & Lawrence R. R.* 16 Gray 501; *Jeff. R. R. Co. v. Hendricks' Adm.* 26. Ind. 228; *Id. v. Swift,* Id. 459; *Ill. Cent. R. R. v. Slatton,* 54 Ill. 133; *Lambeth v. N. C. R. R. Co.* 66 N. C. 494; *Jeff. Madison & Indianapolis R. R. Co. v. Hendricks,* 41 Ind. 48; *Eldridge v. Long Isl. R. R. Co.* 1 Sandf. 89; *Mich. Cent. R. R. Co. v. Coleman,* 28 Mich. 440.

The facts stated bearing upon the third point, show the plaintiff's signals were first obeyed, and that the engineer stopped his train north of bridge No. 2, and about 125 feet from the plaintiff. Apparently the signal was without cause. Such being the fact, and it coming not from an employe of the defendant but from a stranger, the conductor or engineer would hardly be expected to heed a second warning emanating from the same person. But an engineer is not required to heed the signal to stop his train given by a stranger, when no danger is in sight or may be reasonably apprehended : *Mobile, &c. R. R. Co. v. Blakely,* 59 Ala. 471; *Packalinsky v. N. Y. Cent. R. R.* 82 N. Y. 424; *Tanner v. Louisville R. R. Co.* 60 Ala. 621; *East Tenn. R. R. Co. v. Swaney,* 5 Lea (Tenn.) 119; *Phila. & Reading R. R. Co. v. Spearen,* 47 Penn. St. 300; *Scudder v. Ind. Peru, &c. R. R. Co.* 1 Ind. Superior Court Rep. 481; 2 Rorer on Railroads, 1032; *Indianapolis, &c. R. R. Co. v. Horst,* 93 U. S. 291; *R. R. Co. v. Jones,* 95 U. S. 439; *Lewis v. Baltimore, &c. R. R. Co.* 38 Md. 588.

Upon the fourth point, the facts as given in the declaration present the evidence relied upon of wantonness and

willfulness in the defendant's management of the train, but nothing of that kind appears therein, and the conclusion stated in the declaration upon these facts is entirely without foundation; consequently, whether the rule stated is correct or not is immaterial, as it certainly cannot be applied to the facts stated in this case.

Upon the fifth and last point, we think the case stated shows not only a want of ordinary care but gross negligence on the part of the plaintiff, amounting to extreme rashness and recklessness, in his attempt to enter the caboose car in the manner he did. His act was voluntary and utterly uncalled for upon the facts stated. The judgment at the circuit must therefore be affirmed.

CAMPBELL, C. J., and MORSE, J., concurred. CHAMPLIN, J. did not sit.