THE WEST CHICAGO STREET RAILROAD COMPANY

*v.*

LEAH LIDERMAN.

*Opinion filed October 19, 1900.*

1. APPEALS AND ERRORS—*when right to have refusal of peremptory instruction reviewed is not waived.* If an instruction to find for the defendant is asked and refused at the close of the plaintiff's evidence and again at the close of all the evidence, the defendant does not, by submitting the case to the jury under general instructions, waive the right to assign the action of the court in refusing such instruction as error on appeal.

2. NEGLIGENCE—*doctrine of comparative negligence does not prevail in Illinois.* One who seeks to recover damages for another's negligence has the burden of proving not only the negligence of the defendant as charged in the declaration, but also that his own negligence or misconduct has not concurred with that of the defendant in producing the injury.

3. SAME—*right of person to risk his life to save another's—rule and exception.* The law will not impute contributory negligence to one who places himself in peril to save the life of another, unless his action, in the judgment of all prudent persons, would be deemed rash; but an exception to this rule exists where the party acting is affirmatively responsible for the perilous position of the one whom he attempted to rescue.

4. SAME—*whether party acted rashly is ordinarily for jury.* Whether one who was injured while attempting to save another's life acted rashly or with reasonable prudence is a question for the jury, under all the facts and circumstances in evidence, if reasonable minds would differ on that point.

5. SAME—*the duty of parents in cities to guard children against street dangers.* Parents in cities must guard their children against known dangers to them when upon the street unattended, but the standard of such care is not capable of being defined by law and must depend upon the circumstances of each case, since it is not negligence *per se* to permit children to be upon the streets of a city.

6. SAME—*right of mother to attempt to rescue child from danger.* A mother whose child has momentarily escaped from her care when upon the street may reasonably presume that if the child is exposed to danger others will not negligently injure it, and upon seeing it suddenly so exposed has the right to make all reasonable efforts to rescue it.

*West Chicago Street R. R. Co.* v. *Liderman,* 87 Ill. App. 638, affirmed.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Samuel C. Stough, Judge, presiding.

John A. Rose, Louis Boisot, Jr., (W. W. Gurley, of counsel,) for appellant:

In an action on the case for injury to the person it is necessary to allege and prove ordinary care on the part of the plaintiff. *Railroad Co.* v. *Grimes,* 13 Ill. 585; *Calumet Iron and Steel Co.* v. *Martin,* 115 id. 368; *Abend* v. *Railroad Co.* 111 id. 202; *Railroad Co.* v. *Evans,* 88 id. 64; *Railroad Co.* v. *Louis,* 138 id. 9; *Railroad Co.* v. *Nowicki,* 148 id. 29; *Railroad Co.* v. *Levy,* 160 id. 385; *Railroad Co.* v. *Chancellor,* 165 id. 438.

Whether, in an action on the case for injury to the person, there is evidence tending to show ordinary care on the part of the plaintiff is a question for the court. *Simmons* v. *Railroad Co.* 110 Ill. 340; *Railroad Co.* v. *Nowicki,* 148 id. 29; *Railway Co.* v. *O'Conner,* 115 id. 254; *Railroad Co.* v. *Chancellor,* 165 id. 438.

Although there may be some evidence tending to support the plaintiff's case, yet if the entire evidence, with all reasonable inferences that may be drawn therefrom, is insufficient to support a verdict for the plaintiff, the court should direct a verdict for the plaintiff. *Simmons* v. *Railroad Co.* 110 Ill. 340; *Railway Co.* v. *O'Conner,* 115 id. 254; *Bartelott* v. *Bank,* 119 id. 259; *Rack* v. *Railway Co.* 173 id. 289; *Martin* v. *Chambers,* 84 id. 579; *Phillips* v. *Dickerson,* 85 id. 11; *Frazer* v. *Howe,* 106 id. 563.

If the trial court in such a case refuses to take the case from the jury, such refusal constitutes reversible error. *Railroad Co.* v. *Chancellor,* 165 Ill. 438.

To go upon a street car track, in front of a rapidly approaching car, where it appears that the person so doing must be struck by the car unless it is stopped or slackened in speed, constitutes contributory negligence

as a matter of law.  *Rack* v. *Railway Co.* 173 Ill. 298; *Ogier* v. *Railroad Co.* 34 N. Y. Supp. 867; *Kierzenkowski* v. *Traction Co.* 184 Pa. St. 459; *Pletcher* v. *Traction Co.* 185 id. 147; *Reynolds* v. *Railroad Co.* 28 N. Y. Supp. 734; *Callery* v. *Transit Co.* 185 Pa. St. 176; *Hamilton* v. *Railroad Co.* 26 N. Y. Supp. 754; *Bello* v. *Railroad Co.* 35 id. 831; *Ledman* v. *Dry Dock Co.* 50 id. 895; *Weiss* v. *Railway Co.* 53 id. 449; *Brady* v. *Traction Co.* 42 Atl. Rep. 1054; *Adams* v. *Railroad Co.* 58 N. Y. Supp. 543; *Williamson* v. *Railway Co.* 60 id. 477; *O'Rourke* v. *Railroad Co.* 25 So. Rep. 323; *Railway Co.* v. *Carey*, 56 Ind. 396.

Attempt to save life is not an excuse for voluntary exposure to danger, when the person to be saved was exposed to danger through the negligence of the one injured. *Railway Co.* v. *Leach*, 91 Ga. 419; *Railroad Co.* v. *Hiatt*, 17 Ind. 102.

In the absence of explanatory circumstances it is negligence, as a matter of law, to allow a child of tender years to go unattended upon a city street. *Callahan* v. *Bean*, 9 Allen, 401; *Chicago* v. *Starr*, 42 Ill. 174; *Clinton* v. *Beer Co.* 164 Mass. 514; *Lowery* v. *Ice Co.* 55 N. Y. Supp. 707; *Glassey* v. *Railroad Co.* 57 Pa. St. 172; *Hartfield* v. *Roper*, 21 Wend. 615.

The fact that the child's mother is busy talking to a friend is not such a circumstance as will excuse her from negligence in allowing the child to slip away from her care into the street. *Grant* v. *Fitchburg*, 160 Mass. 16.

NELSON MONROE, for appellee:

By introducing evidence and having the court give numerous instructions upon the law of negligence, contributory negligence, due care of the plaintiff, etc., based upon the assumption that there was a conflict of evidence, *pro* and *con*, upon these alleged matters of fact, after the refusal by the court of a peremptory instruction to find the defendant not guilty, appellant waived the right to assign such refusal as error, and is precluded and estopped from asking that the question be examined

into by this court. *Railway Co.* v. *McCallum,* 169 Ill. 240; *Railway Co.* v. *Delaney,* 169 id. 427; *Wright* v. *Avery,* 172 id. 313; *Vallette* v. *Bilinski,* 167 id. 565; *Railway Co.* v. *Lups,* 74 Ill. App. 420; *Pierce* v. *Walters,* 164 Ill. 560.

In the case at bar, if the fact appellee permitted her child to stray from her can be called negligence, it was passive negligence only, and it was a question of fact for the jury to determine whether appellee, in the care of and rescue of her child, exercised due care and caution under all the circumstances. The law will not impute negligence. 1 Shearman & Redfield on Negligence, (5th ed.) sec. 72, and authorities cited; Beach on Cont. Negligence, (3d ed.) sec. 42, and authorities cited; *Creed* v. *Randall,* 156 Mass. 29; *Eckert* v. *Railroad Co.* 43 N. Y. 503; *Railway Co.* v. *Meixner,* 160 Ill. 324; *Chicago* v. *Major,* 18 id. 360; *Bliss* v. *South Hadley,* 145 Mass. 91; *Slattery* v. *O'Connell,* 153 id. 95; *Spooner* v. *Railroad Co.* 115 N. Y. 22.

Where, on a conceded state of facts, a different conclusion would reasonably be reached by different minds, negligence is a question of fact. *Railway Co.* v. *Meixner,* 160 Ill. 324; *Eckert* v. *Railroad Co.* 43 N. Y. 503; *Railway Co.* v. *Stout,* 53 Ind. 143.

It is not contributory negligence in a mother to attempt to rescue her infant child from an approaching train, although she may have negligently allowed it to go upon the track. *Donahoe* v. *Railway Co.* 83 Mo. 56; *Ihl* v. *Railway Co.* 47 N. Y. 204; *Spooner* v. *Railroad Co.* 115 id. 22; *McGarry* v. *Loomis,* 63 id. 104; *Cosgrove* v. *Ogden,* 49 id. 255; *Railway Co.* v. *Lang,* 75 Pa. St. 257; *Chicago* v. *Major,* 18 Ill. 360; *Reiley* v. *Railway Co.* 94 Mo. 601; *Bliss* v. *South Hadley,* 145 Mass. 91; *Creed* v. *Randall,* 156 id. 29; *Slattery* v. *O'Connell,* 153 id. 95.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee recovered a judgment against appellant in the superior court of Cook county in an action on the case for personal injuries, which has been affirmed by the

Branch Appellate Court for the First District. The declaration charged both negligence and willful misconduct by the employees of the defendant, causing the injury sued for. It was not, however, claimed upon the trial, nor is it now, that the act was wanton or willful. The first additional count states the cause of action sued for, as follows: That while the plaintiff, with due care, was going upon a street and the track of the defendant to rescue her infant child from being run over and injured by an approaching train of defendant's cars, defendant negligently operated said train so that the grip-car ran against plaintiff, throwing her to the ground and injuring her.

The accident occurred on July 19, 1897. Plaintiff then lived at 447 Halsted street, on which the defendant operated a line of cable cars. On that afternoon she went to a grocery store on the opposite side of the street, a short distance north of her residence, taking with her a child about three years of age. As she came out of the store she stopped on the sidewalk to speak to a friend whom she met there. She at first held the child by the hand, but during the conversation unconsciously let go of it, and a moment later, as she testified, saw it upon the street car track and a car approaching at the usual rate of speed, some eighty or ninety feet away. She instantly ran toward the child, throwing up her hands and crying out to stop the car. Another person saw the danger to the child and called to the gripman in charge of the car to stop. The evidence is conflicting as to whether he was guilty of negligence in failing to stop the car before the collision, and also whether the child was upon the track or in actual danger at the time plaintiff ran in front of the car. It is admitted, however, that these and all other controverted questions of fact, except due care on the part of the plaintiff, have been settled adversely to defendant below. On this branch of the case it is earnestly contended that the evidence neither proved nor tended to prove that fact, and therefore the trial court

erred in refusing instructions asked by the defendant to take the case from the jury, and this is the only point of controversy in this court.

Counsel for appellee, relying upon the case of *Peirce* v. *Walters*, 164 Ill. 560, and later cases to the same effect, insists that defendant, by submitting its case to the jury on the evidence and instructions as to the law, waived the right to assign error upon the refusal of its peremptory instructions. The position is without force and wholly unsupported by the cases cited. Here an instruction to return a verdict of not guilty was asked and refused at the close of plaintiff's testimony, and again at the conclusion of all the evidence. It was not until after the refusal of the latter that the defendant company proceeded to submit general instructions to be given the jury. This has always been held to properly raise the question of law whether there is any evidence in the record fairly tending to prove a plaintiff's case. In the cases cited the only request to instruct the jury to find for the defendant was found in a series of instructions asked when the case was submitted to the jury.

Counsel for appellee, though insisting that plaintiff below was shown to have been in the exercise of due care for her personal safety at the time of the accident, insists upon the rule of law held in some jurisdictions to apply in such actions, "that the contributory negligence of the party injured will not defeat the action, if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the injured party's negligence." Such has never been the law in this State. Here the rule is: "Where a party seeks to recover damages for a loss which has been caused by negligence or misconduct, he must be able to show that his own negligence or misconduct has not concurred with that of the other party in producing the injury; and the burden of proof is upon the plaintiff to show not only negligence on the part of the defendant, but also that he exercised

proper care and circumspection, or, in other words, that he was not guilty of negligence." *Aurora Branch Railroad Co.* v. *Grimes*, 13 Ill. 585; *Indianapolis and St. Louis Railroad Co.* v. *Evans*, 88 id. 63; *Abend* v. *Terre Haute and Indianapolis Railroad Co.* 111 id. 202; *Calumet Iron and Steel Co.* v. *Martin*, 115 id. 358; *North Chicago Street Railway Co.* v. *Louis*, 138 id. 9; *Illinois Central Railroad Co.* v. *Nowicki*, 148 id. 29, and later cases.

The question, then, for our decision upon this record must be, did the evidence produced upon the trial, with all its reasonable intendments, justify the jury in concluding that the plaintiff was, under all the circumstances, in the exercise of reasonable care for her own safety at the time she received the injury sued for. It may—we think must—be conceded that, leaving out of view the peril of her infant child, she was guilty of such contributory negligence as would defeat the action. Counsel for appellant admit' that the general rule is that a person has a right to risk his own life or limb in an effort to save the life of another person, and cannot be charged with contributory negligence in so doing.

In *Eckert* v. *Long Island Railroad Co.* 43 N. Y. 502, (3 Am. St. Rep. 721,) the action was for negligently causing the death of the plaintiff's intestate, who was killed while attempting to rescue a child on the track of the defendant company under circumstances not unlike those surrounding the parties in this case. After stating that the conduct of the deceased would have been grossly negligent but for the effort to save the child, it is said: "But the evidence further showed that there was a small child upon the track, who, if not rescued, must have been inevitably crushed by the rapidly approaching train. This the deceased saw, and he owed a duty of important obligation to this child to rescue it from its extreme peril, if he could do so without incurring great danger to himself. Negligence implies some act of commission or omission wrongful in itself. Under the circumstances in which

the deceased was placed it was not wrongful in him to make every effort in his power to rescue the child, compatible with a reasonable regard for his own safety. It was his duty to exercise his judgment as to whether he could probably save the child without serious injury to himself. If, from the appearances, he believed that he could, it was not negligence to make an attempt so to do, although believing that possibly he might fail and receive an injury himself. He had no time for deliberation. He must act instantly, if at all, as a moment's delay would have been fatal to the child. The law has so high a regard for human life that it will not impute negligence to an effort to preserve it, unless made under such circumstances as to constitute rashness in the judgment of prudent persons. For a person engaged in his ordinary affairs, or in the mere protection of property, knowingly and voluntarily to place himself in a position where he is liable to receive a serious injury is negligence which will preclude a recovery for an injury so received; but when the exposure is for the purpose of saving life it is not wrongful, and therefore not negligent, unless such as to be regarded either rash or reckless. The jury were warranted in finding deceased free from negligence, under the rule as above stated."

This is a clear statement of the law and the reason upon which the rule rests, and is abundantly sustained by the authorities. Whether in this case the plaintiff acted with reasonable prudence, or with recklessness, in attempting to save her child, was a question for the jury under all the facts and circumstances in evidence.

There is, however, an exception to the general rule above stated, which is, that if the person attempted to be rescued was placed in the position of danger through the fault of the person injured, the danger will not excuse the attempt to save him, and counsel for appellant insist that this case falls within that exception. Reliance in support of this position is especially placed up-

on the case of *Atlanta and Charlotte Air Line Railway Co.* v. *Leach*, 91 Ga. 419. In that case the injured party had wrongfully taken a child upon a trestle-work of a railroad, and was killed while attempting to save it from injury by an approaching train. The court there said: "In making the efforts, however, he was neglecting his own safety, and thus violating his duty to the company. He had the choice of two fearful alternatives, and he undertook, and it was creditable to him, to perform the duty he owed the child, but it must not be overlooked that he was himself responsible for the situation that forced this awful alternative upon him." There, it will be seen, there was upon the part of the deceased something more than mere passive negligence,—mere omission of duty,—but an affirmative act in taking the child into a place of imminent danger. Here, the most that can be said is that the mother was negligent in failing to give proper attention to the child.

It is undoubtedly the duty of parents in cities to use reasonable care to guard their children against the known danger to them when allowed to go unattended upon the public streets; but the standard of such care is not capable of being defined by the law, and each case must depend upon its own facts and circumstances. That it is not negligence *per se* to permit infants to be upon the streets of a city was held by this court in *City of Chicago* v. *Major*, 18 Ill. 349.

In *Fox* v. *Oakland Consolidated Street Railway Co.* 118 Cal. 55, (62 Am. St. Rep. 216,) the action was against the street railway company for negligently running over and killing a child four and a half years of age. The child had been permitted to play in the street in front of the family residence in the city of Oakland, and occasionally went upon the street on which it was killed, about one hundred feet away from the dwelling, though it had been cautioned by its mother not to do so. It had been absent from home some fifteen minutes at the time of the accident. The

evidence was to the effect that he was an ordinarily obedient child; that his parents were laboring people and had only one other child, a thirteen year old daughter, who was attending school. To the contention on behalf of defendant below that the evidence established negligence *per se*, the court say: "If the term 'negligence' signified an absolute quantity or thing, to be measured in all cases in accordance with some precise standard, much of the difficulty which besets courts in the solution of this class of cases would be at once dissipated. But, unfortunately, it does not. Negligence is not absolute, but is a thing which is always relative to the particular circumstances of which it is sought to be predicated. For this reason it is very rare that a set of circumstances is presented which enables a court to say, as a matter of law, that negligence has been shown. As a very general rule it is a question of fact for the jury—an inference to be deduced from the circumstances; and it is only where the deduction to be drawn is inevitably that of negligence that the court is authorized to withdraw the question from the jury. The fact that the evidence may be without conflict is not controlling, nor even necessarily material. Conceded facts may as readily afford a difference of opinion as to the inferences and conclusions to be drawn therefrom as those which rest upon conflicting evidence, and if there be room for such difference the question must be left to the jury. (Beach on Contributory Neg. sec. 163; *Schierhold* v. *North Beach Railroad Co.* 40 Cal. 447; *VanPraag* v. *Gale,* 107 Cal. 438.) Within these principles the evidence of this case cannot be said to establish negligence *per se.* Parents are chargeable with the exercise of ordinary care in the protection of their minor children, and whether the conduct of the mother, for which plaintiff is to be held responsible, in permitting the deceased child to be out of her sight for a period of from fifteen to twenty minutes without satisfying herself of its whereabouts, was, under all the circumstances, a

want of ordinary care, was, we think, a fairly debatable question." *Schierhold* v. *North Beach Railroad Co. supra*, *Meeks* v. *Southern Pacific Railroad Co.* 56 Cal. 513, *Birkett* v. *Knicker-bocker Ice Co.* 110 N. Y. 504, *Slattery* v. *O'Connell*, 153 Mass. 94, and *Creed* v. *Kendall*, 156 id. 291, are to the same effect.

It is said that in the Massachusetts cases, *supra*, facts were shown such as pecuniary circumstances, condition of health, etc., of the parents, whereas here nothing of the kind appears. It is true that in the *Major case, supra*, and perhaps the decisions of other courts on the question of parental care in keeping their children off the streets of cities, allusion is made to the fact that the parents of many children in large cities are laboring people and in limited circumstances, unable to employ nurses and servants to attend their children. Such facts do not, however, determine the right of the parent to suffer children to go upon the street, but the question decided in such cases is, that it is not negligence *per se* for them to do so. It certainly cannot be said, as a matter of law, that it is negligence *per se* for a wealthy or healthy parent to permit his infant child to be upon a public street where he knows it is exposed to danger, but that it is not such negligence if the parent be sick or poor, depending upon his daily labor for the support of himself and family,— and the weight of authority, we think, is clearly against any such discrimination. *Fox* v. *Oakland Consolidated Street Railway Co. supra*, and cases there cited.

If, in this case, the plaintiff had simply permitted her child to be upon this street unattended, and it had been injured or killed through the negligence of the defendant company, and she had brought an action for that injury, it is clear that under the authorities the question whether she was guilty of such contributory negligence as would defeat her action would have been a question for the jury. Can it be said, as a matter of law, that she exercised a less degree of care in this case? It is true that nothing was shown tending to prove her inability to

keep constant watch over her child or to employ others to do so; but did she so far fail to exercise reasonable care in restraining it from being exposed to danger that a court can say, as a matter of law, that she was guilty of contributory negligence? As before stated, her own evidence shows that she held the child by the hand, and that it slipped away from her only for a moment and that she immediately pursued it. Can the court say, as a matter of law, that she was bound to hold the child in her arms, or hold it by the hand, or keep her eyes on it, constantly while upon the street?

"When facts are unchallenged, and are such that reasonable minds could draw no other inference or conclusion from them than that the plaintiff was or was not at fault, then it is the province of the court to determine the question of contributory negligence as one of law, and when the case is all against the plaintiff there may properly be a non-suit; but in the language of Mr. Field, 'to justify a non-suit on the ground of contributory negligence the evidence against the plaintiff should be so clear as to leave no room for doubt, and all material facts must be conceded or established beyond controversy.'" Beach on Contributory Neg. secs. 447, 448, 449; *Chicago and Eastern Illinois Railroad Co.* v. *O'Connor,* 119 Ill. 586; *Hoehn* v. *Chicago, Peoria and St. Louis Railway Co.* 152 id. 223; *Wabash Railway Co.* v. *Brown,* id. 484; *Chicago and Western Indiana Railroad Co.* v. *Ptacek,* 171 id. 9.

It seems to us clear beyond controversy that all reasonable persons would not say, under the facts showing the conduct of this mother prior to the time that her child got upon the street car track, that she was guilty of negligence,—that very many would consider her reasonably careful. The question was therefore one of fact and proper to be submitted to a jury. She had a right reasonably to presume that if the child for the time escaped from her and became exposed to danger others would not negligently injure it, and, seeing it suddenly

so exposed, she had the right, and it was her duty, not only to the child but to the defendant itself, to make all reasonable efforts to rescue it from that danger.

On the whole record we find no reversible error, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*