## Wabash Railroad Co. v. Burchard Jensen.

1. Instructions—*Omission of Requisite Elements in Actions for Personal Injuries.*—In an action for personal injuries, where the plaintiff testifies in his own behalf on vital questions of fact and is flatly contradicted by disinterested witnesses, it is prejudicial error for the court to omit from the instructions the element of law that the jury, in considering the weight to be given to the testimony of the witnesses should consider their interest in the result of the suit.

2. Same—*Limiting the Time for the Exercise of Ordinary Care.*—In an action for personal injuries, where the evidence shows that at the time of the accident there were a number of persons in wagons waiting to cross the track when the plaintiff ventured to cross, it is prejudicial error for the court, by an instruction, to limit the time when the plaintiff should have been in the exercise of ordinary care, to the time when he ventured to cross the track and was injured.

3. Same—*As to Contributory Negligence.*—In an action against a railroad company for personal injuries, it is error to refuse an instruction that if the jury believe from the evidence that the plaintiff and the defendant were both negligent and that the negligence of both contributed directly to cause the injury, they should find for the defendant.

4. Personal Injuries—*Requisites of a Recovery.*—Where a party seeks to recover damages for a loss which has been caused by the negligence or misconduct of another, he must be able to show that his own negligence or misconduct has not concurred with that of the other party

in producing the injury, and the burden of proof is upon him to show not only the negligence or misconduct of the other party but also that he, himself, exercised proper care and circumspection, or in other words, that he was not guilty of negligence or misconduct.

**Trespass on the Case**, for personal injuries. Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed December, 10, 1901.

HUGH CREA and I. A. BUCKINGHAM, attorneys for appellant.

MILLS BROTHERS and JACK & DECK, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

Appellee sued appellant in the Circuit Court of Macon County in an action on the case to recover damages for personal injuries received by him in a collision at a street crossing in the city of Decatur, alleged to have been occasioned by the negligence of appellant.

The case was tried by jury and resulted in a verdict and judgment in favor of appellee for $2,500.

Appellant brings the case to this court by appeal and urges the reversal of the judgment on the grounds that the verdict is not supported by the evidence and that the court gave improper and refused proper instructions.

The first count of the declaration charged that on November 10, 1899, appellant left a long train of cars standing partly on Broadway street crossing in the city of Decatur, which obstructed the view of persons approaching the crossing from the north, or trains going west on a track just south of the standing train.

That appellee on that day approached said crossing from the north in his wagon drawn by two horses, and was signaled by appellant's flagman there, to drive over the same, and in attempting to do so, with due care for his safety, a locomotive of appellant, which was going west on the track of appellant just south of said standing train, struck his wagon, throwing him to the ground and causing him severe personal injuries from which he has not yet recovered.

The additional count of the declaration charges that appellant negligently drove a locomotive engine over Broadway street crossing in the city of Decatur, without constantly ringing a bell while it was in motion, contrary to an ordinance of said city; and that by reason of the failure to ring the bell, appellee did not know said engine would cross over said crossing, and appellee's wagon, while he was in it and driving over said crossing, with due care for his own safety, was struck by the engine, and he personally injured.

Appellant pleaded not guilty.

The evidence shows that about 11:45 A. M. on November 10, 1899, appellee was coming south on Broadway street in the city of Decatur, in a farm wagon drawn by two horses going in a fast trot, and as he approached where the appellant's railroad crosses the street with five tracks, he found there was a train of cars standing on one of the northerly tracks so as to extend about half way across the street from the east side. Appellant had a flagman there, whom appellee testified signaled to him to pass over, which he proceeded to do by driving his horses in a fast trot, and after he had passed the west end of the standing train, a locomotive going west on the track south of the standing train without ringing its bell, struck the hind part of his wagon, threw him violently to the ground, broke three of his ribs and otherwise greatly injured him.

Appellee was corroborated by his son, who was in the wagon with him at the time, and by several other witnesses.

The flagman testified that he did not signal appellee to drive across, but on the contrary, not only signaled him not to do so, but did all in his power to prevent him from crossing, and he was corroborated by a number of disinterested witnesses.

The evidence was also very conflicting as to whether the bell on the locomotive in question was ringing before and when the locomotive struck appellee's wagon.

The court gave appellee's second instruction, as follows:

" The requirement of the law that the plaintiff must estab-

lish his cause of action by a preponderance of the evidence before he is entitled to a verdict in his favor does not mean that he is required to have more witnesses than the defendant; it simply means that he must sustain his cause of action by the greater weight of evidence. The testimony of one witness may have greater weight than the testimony of many. The weight of the testimony of a witness or person depends upon many circumstances. His opportunities to see and know the facts about which he testifies, his apparent candor, his intelligence and conduct upon the stand, are all circumstances to be considered by the jury in determining the weight to be attached to the evidence of the several witnesses."

Inasmuch as appellee testified in his own behalf, and his testimony on vital questions of fact was flatly contradicted by disinterested witnesses, we think it was prejudicial error for the court to omit from the instruction that the jury, in considering the weight which ought to be given to the testimony of the witnesses, should consider the interest of the witnesses in the result of the litigation.

And the court gave appellee's sixth instruction, which is as follows :

" The court instructs the jury that the degree of care which the plaintiff was called upon to exercise in this case, in order for him to recover, in case you believe from a preponderance of the evidence that he was injured by the defendant's negligence, is what is termed in the law, ordinary care—that is, such care as an ordinary prudent and careful man would have exercised under like circumstances; and if you believe from the evidence in this cause that the plaintiff, Jensen, at the time of the injury in question exercised such care as an ordinary careful and prudent man would have exercised under like circumstances, and, that he was injured by the negligent conduct of the defendant as charged in the plaintiff's declaration or some count thereof, then in that state of the proofs your verdict should be for the plaintiff in such amount as you believe him entitled to from a preponderance of the evidence, not exceeding the amount claimed in his declaration."

As the evidence shows that there was, at the time in question, a number of persons in wagons on both the north and south sides of the crossing, waiting to pass over it when

appellee undertook to cross over, and that none of them but appellee ventured to cross at the time, we think it was prejudicial error for the court, by this instruction, to limit the time when appellee should have been in the exercise of ordinary care, to the time he was injured, when, under the circumstances disclosed by the evidence, he should have exercised such care before, as well as at the time he was injured.

The court refused to give the jury appellant's fourth refused instruction as follows:

" If the jury believe from the evidence that the plaintiff and the defendant were both negligent and that the negligence of both contributed directly to cause the injury in this case, then the jury should find for the defendant."

We think this instruction ought to have been given, and that it was error to refuse it, for the reason that " where a party seeks to recover damages for a loss which has been caused by negligence or misconduct, he must be able to show that his own negligence or misconduct has not concurred with that of the other party in producing the injury; and the burden of proof is upon the plaintiff to show not only negligence on the part of defendant, but also that he exercised proper care and circumspection, or in other words, that he was not guilty of negligence." West Chicago St. Ry. Co. v. Liderman, 187 Ill. 463, and Cicero St. Ry. Co. v. Meixner, 160 Ill. 328. There was evidence tending to show negligence on the part of appellee in attempting to go over the crossing under the prevailing circumstances; and there was no other instruction given covering this question.

There was sufficient testimony offered by the appellee to support the verdict if it was believed by the jury, but if the jury believed the testimony offered by the appellant, then the verdict should have been for it, and in such a state of the record, the instructions should be clear, perspicuous and free from uncertainty, so the conflicting questions of fact may be properly settled by the jury uninfluenced by any doubtful or uncertain instructions. And the instructions referred to in this opinion, were not of that character.

For the errors in the instructions above indicated, we will reverse the judgment of the Circuit Court of Macon County, and remand this case there for another trial in accordance with law and justice.  Reversed and remanded.