# CHARLESTON.

Benjamin Bond v. Baltimore & Ohio Railroad Company.

Submitted September 10, 1918.   Decided September 17, 1918.

1. Negligence—*Railroads—Contributory Negligence—Rescue of Another from Danger.*

    The right of a person to rescue another from danger of any kind, though voluntarily exercised, is as perfect and complete as any other personal right, and the fact that the danger springs from a negligent act of a third person does not in any way affect or impair the right of rescue or the moral obligation to exercise it. (p. 560).

2. Same.

    Such right and obligation are analogous to those of prevention of crime and protection of others from criminal injury. (p. 560).

3. Same—*Contributory Negligence—Error of Judgment.*

    As the right is usually exercised on occasions of emergency, the actor ordinarily finds it necessary to determine his course of conduct, without time or opportunity for deliberation and mature consideration as to the danger to himself, attending his effort, wherefore the law does not hold him responsible for a mere error of judgment. (p. 561).

4. Same—*Proximate Cause.*

    The proximate cause of an injury inflicted in the effectuation of a rescue, by means of the negligence causing the danger and necessitating the rescue, is the negligent act causing both the danger and injury. (p. 561).

5. Same—*Imputed Negligence.*

    In such case, the antecedent negligence of the person rescued is not imputable to the person effecting the rescue. (p 563).

6. Damages—*Personal Injuries—Mental Suffering.*

    An injury severe enough to cause pain, require professional

treatment and inflict disability to perform labor for a week or two, justifies the giving of instructions authorizing an allowance for mental suffering in the assessment of damages.   (p. 563).

7.   TRIAL—*Instructions—Evidence to Sustain.*
   An instruction · stating an ' hypothesis having no basis in the evidence is properly refused.   (p 563).

8.   APPEAL AND ERROR—*Instructions—Harmless Error.*
   Though it is technically erroneous to give an instruction embodying applicable law in abstract form, it is not reversible error nor ground for a new trial.   (p. 563).

Error to Circuit Court, Doddridge County.

Action by Benjamin Bond against the Baltimore & Ohio Railroad Company.· Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*W. S. Stuart, H. L. Hammond,* and *McClintic, Mathews & Campbell,* for plaintiff in error.

*J. Ramsey,* for defendant in error.

POFFENBARGER, PRESIDENT:

Whether a person injured in rescuing another from danger occasioned by the negligence of the defendant, is precluded from right of recovery by his knowledge of the danger incident to his attempt to effect the rescue, is an inquiry raised on this writ of error to a judgment for $500.00 in favor of a person bearing such relations to the defendant and a third party, one Doris Smith.   Other grounds relied upon for reversal are denial of proof of negligence and alleged errors in rulings upon instructions.

While Doris Smith was leisurely crossing a side-track and the main track of the defendant's railroad at its West Union station, in the customary and designed method of reaching the platform from which she intended to board one of its trains, after having purchased a ticket entitling her to carriage on said train, the station and platform being on opposite sides of the tracks, the train came in at a comparatively low rate of speed and would have run her down and probably killed her, but for the assistance rendered her by the

plaintiff, according to the testimony of himself and other witnesses. He says he stepped down on the track, grabbed her and threw her toward the platform and was then struck by the pilot beam of the engine. Two other witnesses agree that the engine struck him, but not that he stepped off of the platform. They say he reached from the platform and caught her. Others say the engine struck the girl only and knocked her against him, in consequence of which he fell and his knee was injured by contact with a clinker in the cinder platform. The train was in sight when the girl started across the tracks, but she seems not to have seen or heard it. When she got to the main track and, then seeing the train, quickened her pace, it was within six or eight feet of her, and within a foot or two of her, when the engineer discovered her and the plaintiff grabbed her. The engineer was on the right-hand side of his engine, keeping a lookout, but the girl was approaching from the left-hand side and beyond his view partly because of a slight curve in the track. He had his engine under reasonable control and stopped it by means of the emergency brake within a short distance, he says, about its length, but, other witnesses say, several feet more than that. He did not discover her until the engine was almost upon her. There was no evidence of a lookout on the other side by the fireman, and neither he nor Miss Smith testified in the case. The train could have been seen from a distance of 540 feet from the point at which she crossed the space between the tracks, about 250 feet from the waiting room of the station and about 150 feet from the platform.

Failure to maintain an adequate lookout covering the entire track, while running into the station, under the circumstances shown, was evidence of negligence. *McGuire* v. *N. & W. R'y. Co.*, 70 W. Va. 538; *Schoonover* v. *B. & O. Railroad Co.*, 69 W. Va. 560. This rule seems to be general and it is especially applicable here, in view of the necessity for the crossing of the tracks, by passengers, to obtain access to the cars from the platform, known to the servants and employees of the defendant company. If such a lookout had been maintained, the perilous situation of Miss Smith would have been discovered in ample time to have prevented danger

to her, by stopping or checking the train. For some reason, she had evidently failed to observe it until it was almost upon her. Of course, she was guilty of negligence. She should have seen the train and hurried across or abstained from crossing, but this fact does not absolve the defendant from liability for its subsequent negligence. *Schoonover* v. *B. & O. Railroad Co.*, cited; *Riedel* v. *Wheeling Traction Co.*, 63 W. Va. 522. There was evidence of its last chance to prevent injury, amply sufficient to warrant submission to the jury, of the issue as to its existence.

As to the relation between the negligent act and the person injured, this court seems to have acquiesced in the weight of authority. A person injured in effecting the rescue of another from danger occasioned by the negligence of a third party is not precluded from right of recovery, on the ground of his own immunity from danger, or his voluntary incurrence of risk. If his intervention was not a rash or clearly imprudent act, under the circumstances, he may recover. *Walters* v. *Appalachian Power Co.*, 75 W. Va. 676, 684; *Schwartz* v. *Schull*, 45 W. Va. 405, 414. An overwhelming weight of authority denies that voluntary incurrence of risk in effecting a rescue from danger occasioned by negligence amounts to contributory negligence, unless the act of intervention was performed under such circumstances as would make it rash or reckless in the estimation of ordinarily prudent persons. *Eckert* v. *L. I. Railroad Co.*, 43 N. Y. 502, 3 Am. Rep. 721; *Peyton* v. *T. & P. Railway Co.*, 41 La. Ann. 861, 17 Am. St. 430; *Donahoe* v. *Wabash etc. R'y. Co.*, 83 Mo. 560; *Corbin* v. *City of Philadelphia*, 195 Pa. St. 461; 49 L. R. A. 715; *Schroeder* v. *C. & A. Railroad Co.*, 108 Mo. 322; *Pennsylvania Co.* v. *Langendorf*, 48 O. St. 316; *Pittsburg etc. Co.* v. *Lynch*, 69 O. St. 123; *L. & N. Railroad Co.* v. *Orr*, 121 Ala. 489; *Maryland Steel Co.* v. *Marney*, 88 Md. 482; *Connell* v. *Prescott*, 20 Ont. App. Rep. (Can.), 49; *Condiff* v. *Kansas City Ft. S. & G. Railroad Co.*, 45 Kan. 256; *Central Railroad Co.* v. *Crosby*, 74 Ga. 737; *Spooner* v. *Railway Co.*, 115 N. Y. 22; *Gibney* v. *State*, 137 N. Y. 1; *Linnehan* v. *Sampson*, 126 Mass. 506; *West Chicago St. R'y. Co.* v. *Liderman*, 187 Ill. 463; *Wright* v. *Atlantic etc. R. Co.*

110 Va. 670; *Adamson* v. *N. & W. R'y. Co.*, 111 Va. 556; *Southern R. Co.* v. *Baptist*, 114 Va. 723; *Perpich* v. *Letonia Min. Co.*, 118 Minn. 508; Sherman & Redfield, Neg., Sec. 85b; Elliott, Railroads, Sec. 1265h; Thompson, Neg., Secs. 138, 198, 199, 1780 and 1831. These authorities further hold that contributory negligence on the part of the person rescued does not preclude right of recovery on the part of the rescuer. If, however, the latter has himself brought about the danger to the person rescued, or the negligence of such person is imputable to him, he cannot recover. *Atlantic etc. R'y. Co.* v. *Leach*, 91 Ga. 419; *West Chicago St. R'y. Co.* v. *Liderman*, 187 Ill. 463; *DeMahy* v. *M. L. & T. R. & S. S. Co.*, 45 La. Ann. 1329.

There are a few decisions and some judicial expressions in dissenting opinions, to the contrary. *Northern Railroad Co.* v. *Anderson*, 25 U. C. C. (Can.), 301; *Blair* v. *Grand Rapids Co.*, 60 Mich. 124; Mitchell, J., in *Corbin* v. *Philadelphia*, 195 Pa. St. 461. They deny any basis for the rule in legal principle or logic. If there is any right of intervention, under circumstances making it possible without danger on the part of the rescuer, such right is certainly not denied or destroyed by conditions that would not preclude the exercise of other rights. The right of one person to render another assistance, when the latter is in danger from any cause, under conditions rendering it safe to do so, is as clear as his right to perform any other lawful act. Voluntariness does not vitiate or impair it, nor detract from it in any sense. That quality is inherent in most of our acts. We walk abroad for mere exercise, often unnecessary, or to gratify idle curiosity, as we have clear right to do, and, if injured by somebody's negligence in the exercise of such rights, we may recover. There is a moral obligation, as well as legal right, to effect rescues from all sorts of danger, when it is practicable to do so. That the danger is occasioned by a negligent act does not affect either the obligation or the right. Hence, it cannot logically affect the consequences of wrongful injury in the exercise thereof.

In almost every instance of rescue, there is an emergency calling for quick determination of the course of action and

leaving practically no time for deliberation. When this happens in the exercise of other rights, the law makes due allowance for it and does not hold the injured party responsible for his error of judgment as to his course of conduct. *Washington* v. *B. & O. Railroad Co.*, 17 W. Va. 190; *Haney* v. *Pittsburg etc. R. Co.*, 38 W. Va. 570; *Wooddell* v. *West Va. Imp. Co.*, 38 W. Va. 23; *Dimmey* v. *Wheeling etc. Co.*, 27 W. Va. 32; *Boggess* v. *Chesapeake etc. Co.*, 37 W. Va. 297; *Normile* v. *Wheeling Traction Co.*, 57 W. Va. 132; *Warth* v. *County Court*, 72 W. Va. 370. The lawful right of rescue necessarily falls within the same principle. A person exercising it is generally confronted by an emergency born of the negligence of the defendant in the action and suffers injury from the same cause. Here, as in other cases, allowance is made for erroneous judgment under circumstances excluding time and opportunity for deliberation, and recovery permitted, if the act of intervention was not, rash or imprudent.

The right of intervention finds support also in the principle of analogy. Negligence is wrongful, but not necessarily nor ordinarily criminal, but wrong and crime bear a close relation in principle. Any citizen has a perfect legal right to interpose for prevention of the commission of crime and protection of others threatened with criminal injury. It is his duty to prevent the perpetration of a felony, and his killing of the felon, as a necessary means of doing so, when it cannot otherwise be prevented, is justifiable. He may also justifiably take life, in the protection of another from death or serious bodily injury, under the law of self-defense. If a person intending to kill his personal enemy mistakenly attack his friend, he is guilty of assault with intent to kill. *McGehee* v. *State*, 62 Miss. 772; *State* v. *Briggs*, 58 W. Va. 291. In negligence, the intent is immaterial, but the element of civil wrong is present in it as well as in crime, and the actor is responsible for his wrongful acts resulting in injury. If criminally responsible for injuries intended for one person and falling upon another, why may a man not be consistently held liable civilly for a wrongful act which threatened one person but actually fell upon another, though the act be

merely negligent and void of intent to inflict injury? Right of action for an injury suffered in effecting a rescue from danger occasioned by negligence, when the act of intervention was not reckless, seems to have solid support in legal principle as well as the weight of authority.

Plaintiff's instruction No. 3 telling the jury the negligence of Doris Smith was not imputable to the plaintiff, is fully sustained by the conclusion just stated, and the court properly overruled the objection to it and gave it.

Two other instructions given were excepted to because they authorized inclusion of compensation for mental suffering in the assessment of the damages. Plaintiff's injuries were not serious. One of his knees was sprained and bruised and he was disabled for a week or two. Such an injury may have carried a degree of pain and mental suffering. The instructions left it to the jury to say whether it did or not, and, if any, to determine the degree thereof. There was some evidence of it, and that justified the giving of the instructions.

Plaintiff's instruction No. 2 was objected to because it was abstract in form and imposed duty upon the defendant toward passengers, in the absence of an allegation that the plaintiff was a passenger. It is technically erroneous to give an instruction in the abstract, but not cause for reversal, if the law propounded by it is applicable to the case. *Parker v. Building & Loan Ass'n.,* 55 W. Va. 134. The reference to passengers in the instruction was justified by the allegation that Doris Smith and others present were passengers and that the negligence consisted of want of care in the running of the train to the passenger station. The nature of the place and the character of the people generally assembled there imposed the omitted duty, and the plaintiff, whether a passenger or not, was within its protection, it being general in its nature and not dependent upon a peculair personal relation of the injured party.

Defendant's instruction No. 5 was properly refused for lack of evidence to sustain the theory it propounded. It is an admitted fact that Doris Smith was not seen by anybody on the engine until it was almost upon her. Relative duties dependent upon a different state of facts were not in-

volved for that reason. As the engineer did not know she was on the track, he could not have been deemed to have assumed that she would get off.

For the reasons stated, the judgment will be affirmed.

*Affirmed.*