Edward M. Miller, Administrator of the Estate of Josephine Spagnola, Deceased, Plaintiff in Error, v. Chicago Railways Company et al., Defendants in Error.

## Gen. No. 26,725.

1. STREET RAILROADS—*when direction of verdict, in death case, for companies sued improper.* An instruction to find for the defendant street car companies was improperly given in a death case, where plaintiff's intestate was struck while attempting to save her child, aged about two years, from a position of peril, and there was evidence that when the child started to cross the street, the car in question was approaching at a speed of from 18 to 20 miles an hour some considerable distance from the point where the child, if it continued, would have reached the track; that the mother, seeing the danger, ran forward and rescued the child, but was herself struck; that the car did not slacken its speed until shortly before the mother was struck, and that the car ran an additional 50 or 60 feet thereafter before it stopped.

2. NEGLIGENCE—*when question must be submitted to jury.* So long as a question remains whether either party in a personal injury case has performed his legal duty or has observed that degree of care and caution imposed by law, and the determination of this involves the weighing and consideration of evidence, the question must be submitted to the jury as one of fact.

3. COURTS—*when decisions of Appellate Court are not pertinent.* The Appellate Court exclusively has the power to find the facts contrary to the finding of a jury; hence decisions of that court in which there were findings of fact upon conditions somewhat analogous to the instant case in which plaintiff's intestate was struck by a street car while attempting to save her small child, and in which there was a peremptory instruction to find for the defendants, were held not pertinent, and the judgment for defendants was reversed.

4. STREET RAILROADS—*contributory negligence of mother struck by car in attempting to rescue child from track as question for jury.* It being beyond all controversy that all reasonable persons would not say that the conduct of a mother in attempting to rescue her child from a street car track and being herself struck in making the rescue was contributory negligence, therefore the question was one of fact and proper for submission to the jury.

Error to the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in this court at the March term, 1921. Reversed and remanded. Opinion filed December 19, 1921.

FINN & MILLER, for plaintiff in error.

JOSEPH D. RYAN and WATSON J. FERRY, for defendants in error; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Josephine Spagnola, while attempting to rescue her little boy from a position of danger on defendants' street car tracks, was struck by one of their cars, receiving injuries which resulted in her death. The administrator of her estate brought suit, and upon trial at the conclusion of plaintiff's testimony the court peremptorily instructed the jury to find the defendants not guilty and judgment was accordingly entered, which plaintiff asks us to reverse. We are of the opinion that the issues should have been submitted to the jury, and the cause must be remanded for another trial.

Plaintiff in three counts asserted that while the intestate was in the exercise of ordinary care for her own safety and was attempting to save her child from a position of peril caused by reason of the negligent operation of defendants' street car, she was struck and run over by said car because of its negligent and careless operation.

Sheffield avenue in Chicago, on which are two street car tracks of defendants, runs in a northerly and southerly direction. May 15, 1919, deceased lived on the east side of Sheffield between George and Wolfram streets, which run easterly and westerly. She was the mother of one child aged two and one-half years; the evidence tended to show that, apparently attracted by some dogs on the other side of Sheffield, he started

to "toddle" westerly across the street; that at this time a northbound street car was approaching some considerable distance south of the point where the child, if it continued, would reach the track; that the car was traveling at a speed of 18 to 20 miles an hour. The mother, seeing the danger to the child, ran forward and succeeded in rescuing him, but was herself struck by the car and received the injuries which resulted in her death. There was evidence that the car did not slacken or reduce its speed until shortly before the mother was struck, and that it ran an additional 50 or 60 feet thereafter before it stopped. An automobile stood on the east side of the street a little south of the point where the child started to run across the street.

The trial court seems to have been of the opinion that plaintiff had produced no evidence whatever supporting the declaration, and hence there was nothing to submit to the jury. Negligence and contributory negligence are generally questions of fact for the jury, and so long as a question remains whether either party has performed his legal duty or has observed that degree of care and caution imposed upon him by law, and the determination of this involves the weighing and consideration of evidence, the question must be submitted as one of fact. *Austin v. Public Service Co. of Northern Illinois,* 299 Ill. 112; *Petro v. Hines,* 299 Ill. 236. The Appellate Court exclusively has the power to find the facts contrary to the finding of a jury; hence decisions of this court, in which we have made findings of fact upon conditions somewhat analogous to those before us, are not pertinent.

It cannot be said that as a matter of law the intestate was guilty of contributory negligence or that defendants were not guilty of the negligence charged. The evidence showed a number of factors properly to be considered by a jury—especially the speed of the street car, whether the motorman should have seen the child approaching the track and, if so, whether he

should or could have reduced the speed so as to avoid hitting the child or its mother as she attempted to rescue it. In *Chicago City Ry. Co. v. Tuohy,* 196 Ill. 410, the court said:

"When a young child is discovered approaching the car track with the apparent intention of crossing in front of a moving car, or is discovered on the track, it is certainly the duty of the gripman or motorman to exercise a high degree of diligence in order to prevent injury to the child."

This is quoted with approval in *Perryman v. Chicago City Ry. Co.,* 242 Ill. 269. Similar circumstances involving children in dangerous proximity to street car tracks have been considered in a number of cases, and in all of these the question of negligence was submitted to the jury. Among such cases are *Cairns v. Sampsell,* 158 Ill. App. 418; *Devine v. Chicago City Ry. Co.,* 167 Ill. App. 362; *Chicago City Ry. Co. v. Reddick,* 139 Ill. App. 165; *Chicago City Ry. Co. v. Hackett,* 136 Ill. App. 596, and many other cases.

In *West Chicago St. Ry. Co. v. Liberman,* 187 Ill. 463, the facts are similar to these before us, and the court said it was beyond controversy that all reasonable persons would not say that the conduct of the mother in attempting to rescue her child from the street car track was contributory negligence; therefore the question was one of fact and proper to be submitted to a jury.

The peremptory instruction to find for defendants was erroneously given, and the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

DEVER, P. J., and MATCHETT, J., concur.