## PIKE *v.* GRAND TRUNK RY. CO. OF CANADA.

*(Circuit Court, D. New Hampshire.* May 15, 1889.)

1. DAMAGES—PROXIMATE CAUSE—VOLUNTARY ACT.
   Plaintiff's intestate left the house where she lived, and went 40 or 50 rods, to where there was a fire set by defendant's locomotive. In attempting to extinguish the fire she was fatally burned. The house where she lived was not then in danger, nor did she have any interest in the property which was on fire. *Held*, that the proximate cause of her injury was her own voluntary act, and there could be no recovery.

2. SAME—PROVINCE OF COURT.
   Where the facts are undisputed, it is the province of the court to determine the question of proximate cause.

At Law. On motion to direct verdict.

This was an action of tort to recover for injuries received by plaintiff's intestate at Groveton, N. H., in May, 1885. The writ contained three

counts,—two at common law, and one to recover under the provisions of section 8 of chapter 162 of the General Laws of New Hampshire. Plaintiff claimed that a fire was set by a locomotive of defendant on the land of one William W. Pike, upon which stood a house in which plaintiff's intestate lived in the family of plaintiff; that she had reasonable cause to fear its destruction, and went in company with a child of six years of age to extinguish it. The distance from the house to the place of the fire was 52 rods. In attempting to extinguish the fire, it was communicated to her cotton dress, and she was so severely burned that she died in about three hours afterwards. At the close of the testimony defendant moved for a verdict, upon the ground that the setting of the fire was not the proximate cause of the injury, and that the damages did not accrue by reason thereof.

*Ladd, Aldrich & Remich,* for plaintiff.

*A. A. Strout* and *Ossian Ray,* for defendant.

COLT, J., (*orally.*) The motion made by the defendant, at the close of the testimony for the plaintiff, was left undecided, and the counsel for the plaintiff suggested at the time that the motion was made that it might be well to wait before passing upon it until the whole evidence was in, and, the question raised by the motion being somewhat complicated, I decided to allow the case to proceed. I have now reached the conclusion, after careful consideration, to direct a verdict for the defendant. The ground upon which I shall direct a verdict for the defendant is that, upon the uncontradicted evidence, it was the voluntary act of Mrs. Pike which was the proximate cause of her death. It being the established rule of law that the proximate, and not the remote, cause determines the question of liability, if upon the uncontradicted evidence the proximate cause was Mrs. Pike's voluntary act, then it is the duty of the court to direct a verdict for the defendant. If upon the question of proximate or remote cause the evidence is contradictory, or the question is in doubt, then it would be the duty of the court to submit the question to the jury.

It is undisputed that Mrs. Pike went out from her house of her own free will, and walked up the railroad track, to put out a fire from 30 to 40 rods distant, and that she met her death in the attempt. The rule of law is that a person is liable for all the consequences which flow in ordinary natural sequence from his negligence, or, according to another view, he is liable for all the consequences which could be foreseen as likely to occur; but he is not liable for the independent act of an intelligent stranger, because that would not follow as an ordinary natural sequence from his negligence, and such interference by a stranger could not be foreseen. The spontaneous action of an independent will is said, therefore, to break the causal connection. This is in truth the intervention of a new force outside of the regular natural sequence of the primary cause, and which cannot be a subject of precalculation. It is elemental law, therefore, that when such new, independent, and intelligent force intervenes, it breaks the train of causation, and it becomes the proximate

cause, and the original act of negligence the remote cause. The statement of the principle is easier than its application. Each case must be governed by its own facts and circumstances, but, if the case comes clearly within the rule, the court should not hesitate to enforce it.

We have stated the rule, and have said that in our opinion Mrs. Pike comes within its general terms, but does not her case come under some of the exceptions or limitations to the rule which have been recognized by the courts? The intervening cause is not the proximate cause, unless the person acted of his own free will. The first cause does not cease to be the proximate cause if such intervening stranger is imbecile, or acts under compulsion, or under a sense of imminent peril; or, in other words, under such circumstances, produced by the first cause, as would give no opportunity for the exercise of free volition on the part of such stranger. Now, to my mind, there is no evidence going to prove that Mrs. Pike's act was not a strictly voluntary one. There is no evidence going to prove that her act was one of compulsion, or that she acted under the fear of imminent peril to herself, or that the circumstances were such as to destroy her power of volition. Each case must be controlled by its own circumstances. Upon the evidence it cannot be doubted that Mrs. Pike had every opportunity to escape. Neither the direction of the wind, nor the proximity of the fire, nor the dryness of the season, upon the plaintiff's own evidence, placed the intestate in peril for the time being. Instead of escaping from the danger, whatever it was, she voluntarily advanced towards it, going a distance of about 50 rods towards and into the place where the fire was burning. Her act may have been praiseworthy, but it was not the less voluntary, and it does not relieve her from the consequences which ensued. Mrs. Pike had no legal or equitable interest in this property, and consequently in this action her administrator cannot invoke the principle that it was her duty to approach the fire, and endeavor to put it out. Even in a supposed action brought by the owner of the property against the railroad company, for damage caused by fire, the failure of this lady, 72 years of age, though she was active and strong for her age, to voluntarily endeavor to put out a fire 30 or 40 rods distant from the dwelling, could hardly be urged as contributory negligence on the part of the owner of the property. In the present case, I can see nothing in the situation of Mrs. Pike towards the property which was on fire which called for the action she took.

The plaintiff's counsel in their argument have cited *Page* v. *Bucksport,* 64 Me. 51; *Stickney* v. *Maidstone,* 30 Vt. 738,—as supporting a right of recovery under the facts disclosed in this case. But these cases do not meet the present one. There the plaintiff was in duty bound to act as he did; besides, his act grew immediately out of and was a part of the original act of negligence. The plaintiff in those cases was acting under the immediate force of the first cause. What took place was but a single happening or event, which was directly and immediately occasioned by the first cause. There was no such element present, as in this case, of a party voluntarily and deliberately putting herself in a dangerous posi-

v.39F.no.4—17

tion, which did not result directly and immediately from the first cause. The plaintiff also relies upon *Railway Co.* v. *Kellogg*, 94 U. S. 469, but that case distinctly recognizes the doctrine of proximate cause, which the leading cases in this country and England have established. Mr. Justice STRONG in that opinion says:

"We do not say that even the natural and probable consequences of a wrongful act or omission are in all cases to be chargeable to the misfeasance or non-feasance. They are not when there is sufficient and independent cause operating between the wrong and the injury. In such a case the resort of the sufferer must be to the originator of the intermediate cause. But when there is no intermediate efficient cause the original wrong must be considered as reaching to the effect, and proximate to it. The inquiry must, therefore, always be whether there was any intermediate cause, disconnected from the primary fault, and self-operating, which produced the injury."

I cannot hold that the *Kellogg Case* is an authority to the position taken by the plaintiff that the question of remote or proximate cause must, under all circumstances, be submitted to a jury for decision. If upon the facts presented there is any question as to what was the proximate cause, then the case should go to the jury; but if the undisputed facts show, under well-established rules of law, what the proximate cause is, then manifestly the court should act accordingly. This position is recognized in the later case of *Scheffer* v. *Railroad Co.*, 105 U. S. 249, where the supreme court held, as a matter of law, that the proximate cause of the suicide or death of the intestate was insanity, and that it was not due to the negligence of the company, whereby he suffered an injury eight months before. In the time allowed me I have given such consideration as I was able to this motion. It has been my effort to discover, if possible, some question which could fairly be submitted to the jury in this case. The court should be clearly satisfied before granting a motion of this character, but, if so satisfied, it becomes just as clearly the duty of the court not to hesitate in granting it. In revolving in my mind what charge to give to the jury, I did not see, under the evidence and the law, how I could frame one which would not substantially direct them to bring in a verdict for the defendant; and in the light I now have I do not see how, if the jury should find for the plaintiff, I could hesitate in setting the verdict aside on motion of the defendant. Such being the situation of the case, and such my views, I feel it my duty now, upon the close of the whole evidence, to direct the jury to return a verdict for the defendant.