## Louisville & Nashville Railroad Company v. Napier.

(Decided March 6, 1928.)

### Appeal from Harlan Circuit Court.

1. Negligence.—A prior and remote cause or condition of injury cannot be made the basis of an action for negligence if it did nothing more than to give rise to the occasion by which the injury was made possible, and a distinct, unrelated, and efficient cause intervened between such prior or remote cause and the injury.

2 Master and Servant.—Use by members of section crew of defective appliance in coupling motor car and hand car, if affording sufficient basis for claim of railroad's negligence on theory that rail-

road furnished appliance, held nevertheless not proximate cause of injury to section hand struck by lever of handcar when he stooped over to pick up coupling rod which had dropped to road-bed; employee's negligence being intervening and efficient cause of injury.

WOODWARD, WARFIELD & HOBSON, J. C. ADKINS, J. C. BAKER, LOW & BRYANT, and ASHBY M. WARREN fr appellant.

FORESTER & CARTER for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Reversing.

This is an action by appellee, Napier, against appellant, Louisville & Nashville Railroad Company, for damages resulting from injuries alleged to have been caused by appellant's negligence. There was a verdict and judgment for appellee for $4,000; hence the appeal.

The negligence alleged was the "defective condition" of a hand car and motor car being used, the "defective and negligent way in which they were coupled together," and "the negligent way" in which they were "being operated." Appellant insists that the record affords no evidence of negligence upon its part, and therefore that the trial court erred in not sustaining its motion for a peremptory instruction.

These are the facts: Appellee was a section hand. He and the members of his crew under foreman, W. J. Bays, had been at work. The end of the work day had come, and they were "going in." They were riding a motor car and a hand car. The two were coupled together by a five-eighths inch rod of iron about four feet long, bent at either end, the bent ends being inserted into holes in the framework of the cars. This means of coupling the cars together was not furnished as part of the equipment of the cars. From the evidence it seems to have been devised by the men themselves to meet two needs. The motor car was not equipped with starter or crank, and the motor could be started only by pushing the car. Coupling the hand car to the motor car, the motor could be started by operating the lever which furnished the motive power for the hand car, thereby causing both to move forward. Then when the motor started it had sufficient power to pull both cars and those on the hand car were relieved of the necessity of manually operating its mechanism. In case the motor for any reason failed to function, the hand

car and its source of power could be utilized in towing or pushing the motor car. Just who designed the coupler being used does not appear. Appellee testified, ''We picked it up at the tool house out of some scrap iron, bent it at each end, and used it in coupling.'' He also testified that it had been so used ''for some few days.'' There is no evidence of defective condition of the motor car or hand car at the time of the injury. There were no defects in the coupler being used, except it was not a perfect contrivance to keep the two cars coupled together, as will appear. On this occasion, the motor was functioning and the hand car was being towed by the motor car. While passing the station Wilhoite, Bays, who was in charge of the motor car, observed children playing near the track, and, in order to have the car under control if they should run suddenly into danger, shut off the power and applied the brakes. This caused the hand car being towed to press forward and the improvised coupler unhooked and became detached from the motor car. When the motor was again put in action the motor car drew ahead and the coupling rod dropped down to the roadbed, and, according to appellee's testimony, ''was plowing along on the screenings.'' He then undertook to pick the rod up, quoting his testimony, ''When I stooped to get it that way, the lever of the lever car struck me and knocked me out in front of the lever car.'' The car ran over him. No bones were broken, but he received many bruises and abrasions, from which he doubtless suffered greatly. This is appellee's own statement as to how he was injured, and try as we may we are unable to find the evidence to make it a question for the jury that appellant's negligence was the proximate cause of his injuries. He admitted on cross-examination that he knew that the lever of the car on which he was riding was working up and down with the rolling of its wheels in its forward progress, and the quotation above from his testimony establishes that his own negligence in so placing himself that the lever in its down stroke would strike and knock him from the car was the proximate cause of his injuries.

If it be conceded that the coupler was defective, and be assumed that its use by appellee and his fellow servants under the circumstances was sufficient to make appellant answerable, upon the theory that it furnished a defective appliance, for any injury resulting therefrom, which we do not decide, we yet do not have evidence that the defective appliance was the proximate cause of the

injury complained of. The most that could be said is that it furnished the condition or gave rise to the occasion by which the injury was made possible. Appellee was not injured by the alleged defective coupler or by reason of its defects. He was injured by voluntarily and carelessly so disposing of himself that the lever, functioning as it was made to function, struck and knocked him from and in front of the car.

As said in Dunn v. Central State Hospital, 197 Ky. 807, 248 S. W. 216:

" 'A prior and remote cause,' says 29 Cyc. p. 496, 'cannot be made the basis of an action, if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, and efficient cause of the injury. If no danger existed in the condition except because of the independent cause, such condition was not the proximate cause.' "

The danger and injury to appellee arose, not out of the uncoupling of the alleged defective coupler, but it arose and was occasioned solely by his act of so placing himself that the lever knocked him from the car. His and not the alleged negligence of appellant was the proximate cause of the injury.

In this state of case, the trial court erred in not sustaining appellant's motion for a directed verdict for it at the close of the evidence.

Reversed and remanded for a new trial consistent herewith.