OKLAHOMA POWER & WATER CO. v. JAMISON, Adm'r.

No. 29249.   Oct. 29, 1940.

*106 P. 2d 1097.*

E. J. Doerner and Harold C. Stuart, both of Tulsa, for plaintiff in error.

B. A. Hamilton and S. J. Clendinning, both of Tulsa, for defendant in error.

WELCH, V. C. J.   Defendant assigns numerous errors for reversal, but in the view taken by this court it is necessary only to consider the proposition to the effect that the giving of certain instructions violated section 6, art. 23, of the Constitution of this state in that such instructions invaded the province of the jury upon the issue of contributory negligence.

It was the theory of plaintiff that the injury, for which damages were sought,

was sustained while plaintiff's decedent was engaged in a rescue. It is further his theory of law that if decedent was so engaged at the time of the injury, he is excused as a matter of law from the effects of certain acts which, if done while not engaged in a rescue, would permit and support a conclusion of guilt of contributory negligence.

The "rescue theory" of law is discussed at considerable length in the briefs, and in that regard many cases and texts are cited with respect thereto. Among them are Wagner v. International Ry. Co., 232 N. Y. 176, 133 N. E. 437; Bond v. B. & O. Ry. Co. (W. Va.) 96 S. E. 932, 5 A.L.R. 201; Highland v. Wilsonian Investment Co. (Wash.) 17 P. 2d 631, and others. None of the cases given us involving the "rescue theory" are from this jurisdiction.

It is said the so-called "rescue theory" means simply that when a rescue is established the court will excuse as a matter of law certain conduct of the rescuer which might otherwise be negligence, and will hold as a matter of law that such conduct does not constitute contributory negligence. However reasonable and well founded the rule may be, we have no occasion to discuss, for section 6, art. 23, of the Oklahoma Constitution inhibits the application of the rule in this state.

The logic supporting the rule of law as so followed in other jurisdictions might perhaps be advanced in argument to the jury, to be freely accepted or rejected by it in its fact finding deliberations; but the rule itself cannot be given as a command to the jury. To control or narrow the jury's field of deliberation and freedom of choice by such an instruction, which it is required to accept, would seem certainly to be the thing, or one of the things, sought to be guarded against by section 6, art. 23, of the Constitution.

We quote the pertinent part of our constitutional provision as follows:

"The defense of contributory negligence * * * shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

Herein the trial court instructed the jury as follows:

"You are instructed that if you find and believe, under the evidence, that the deceased was guilty of any act of negligence which proximately caused or contributed or helped to bring about his alleged injury, then, in such an event, your verdict should be for the defendant even though you may find that the defendant was also negligent unless he was acting as a rescuer, about which you will be instructed."

"You are further instructed that if you find and believe from the evidence that the plaintiff's decedent, at the time of the receipt of his injuries, was acting in an emergency to prevent what appeared to him to be imminent danger to travelers upon the highway, and that the condition causing such danger resulted from the negligence of the defendant or the negligence of the defendant concurring with the negligence of some third person, then and in that event you are instructed that the plaintiff's decedent would be a rescuer, and, as such, the plaintiff's decedent had a right to act to prevent injury or harm to others, even to the extent of endangering his own life, and in testing the plaintiff's decedent's acts with respect to the defendant's plea of contributory negligence, you will consider the plaintiff's decedent's situation at the time of his injuries as you find and believe from the evidence it appeared to him in the light of the conditions and circumstances shown by the evidence.

"In other words, the voluntary incurrence of risk by the plaintiff's decedent in effecting a rescue or the prevention from danger to others occasioned by the negligent acts of the defendant, if you find they were guilty of negligence, or if you find that they were negligent and such negligence concurred with the negligence of some third person, did not amount to contributory negligence upon the part of plaintiff's decedent unless his act in intervening to prevent harm or danger to travelers upon the highway was performed under such circumstances as would make the plaintiff's decedent's act in this regard rash or reckless in the estimation of ordinarily prudent persons."

In order to determine whether the above instructions constitute reversible error, we refer to the record and observe that there is a proper plea of contributory negligence, and that there is sufficient evidence to support a verdict on that issue. There is evidence to the effect that plaintiff's decedent, an elderly gentleman, placed himself near the center of a well-traveled state highway in the nighttime for the purpose of flagging approaching automobiles and did not equip himself with any flag, light, or other signal device, and was injured when an automobile driven at a high rate of speed ran into defendant's electric service wires, temporarily down across the highway, whereupon the wires struck and came in contact with deceased, causing him to fall and to receive electric shocks.

In Payne, Director General, v. Toler, 94 Okla. 98, 221 P. 26, this court, after quoting certain instructions similar in effect to those we have quoted herein, and after pointing to certain testimony and remarking the sufficiency thereof to reasonably sustain a finding of contributory negligence, continued in the following language:

"* * * In this situation of the record it became a matter of importance that the jury should be correctly directed by the court as to what constitutes contributory negligence in this jurisdiction. After so instructing the jury the determination of whether or not the evidence showed contributory negligence was a question of fact solely for the determination of the jury under our constitutional provisions. It will be observed that by paragraphs 11 and 12 of the court's instructions certain facts and circumstances were pointed out and grouped together and the jury was instructed that if it found such facts and circumstances to exist under the evidence that it should find in favor of the plaintiff upon the issue of contributory negligence. These instructions were prejudicially erroneous, as has been determined by this court in a long line of decisions construing section 6, article 23, of our Constitution. * * *"

Then follows quotation and discussion of some of the prior decisions, and the opinion concluded with the following:

"Paragraphs 11 and 12 of the court's instructions were in direct violation of this rule so expressly announced and so consistently adhered to by this court since statehood. It cannot be assumed that this invasion of the province of the jury by the court was harmless or that it resulted in no prejudice to the rights of the defendant before the jury. For the error of the court in giving these instructions this case must be reversed for a new trial. * * *

"For the reasons above stated, this case is reversed, and remanded, with directions to the trial court to vacate the judgment entered herein and to grant the defendant a new trial." .

The quoted words of the Payne Case, supra, are equally applicable here, and we conclude that such case is controlling in principle herein. We are required to follow this express provision of our Constitution, regardless of any impressive argument for the application in this case of the rescue rule, as in law erecting some barrier against the defense of contributory negligence.

The judgment of the trial court is therefore reversed, and the cause is remanded for a new trial.

RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur.