MERRITT v. OKLAHOMA NATURAL GAS CO.

No. 31942. Jan. 22, 1946.

*165 P. 2d 342.*

Thomas A. Landrith, Jr., of Tulsa, for plaintiff in error.

I. J. Underwood, M. C. Rodolf, and Paul Pinson, all of Tulsa, for defendant in error.

BAYLESS, J. This action was commenced by John P. Merritt, hereinafter referred to as plaintiff, to recover $3,075 damages from the Oklahoma Natural Gas Company, defendant. The trial court sustained a demurrer to the petition of plaintiff and entered judgment for the defendant. The plaintiff

has filed his petition in error with transcript attached and assigns as the sole error the action of the trial court in sustaining the demurrer to the petition.

The allegations of the petition are based upon the rescue theory. It is alleged that due to the negligence of the defendant the clothing of Mrs. S. W. Klinesmith was set on fire when she attempted to light a gas stove; that plaintiff went to her rescue and in attempting to assist her suffered the injury of which complaint is made.

It is evident that the trial court in sustaining the demurrer to the petition held that the cause of the injury to the plaintiff was too remote and that therefore the petition failed to state a cause of action against the defendant. We must assume that the allegations of the petition insofar as alleging negligence of the defendant in failing to sustain a constant flow of gas were sufficient. In this connection see cases following Stroup v. Alabama Power Co., 216 Ala. 290, 113 So. 18, 52 A.L.R. 1075. Insofar as the petition alleges such facts as to constitute a basis for an action for one directly injured by such alleged failure, we hold the petition sufficient. In other words, had Mrs. Klinesmith been suing in an action to recover for the damages sustained by her the allegations of the petition are sufficient to state a cause of action against the defendant.

With the possible exception of Oklahoma Power & Water Co. v. Jamison, 188 Okla. 118, 106 P. 2d 1097, this is a case of first impression. The fact situation therein shows that the injured party sustained his injuries while in a position of peril, voluntarily assumed, to warn the traveling public of possible danger. The judgment was reversed for error in instructing on the law of contributory negligence.

There are two rules adopted by the courts generally applicable to the fact situations similar to those set out in plaintiff's petition. The first is rep-resented by the holdings of the court in Seale v. Gulf, C. & S. F. Ry. Co., 65 Tex. 274, 57 Am. Rep. 602; Pike v. Grand Trunk Ry. Co., 39 Fed. 255; Logan v. Wabash Ry. Co., 96 Mo. App. 461, 70 S. W. 735; Chattanooga Light & Power Co. v. Hodges, 109 Tenn. 331, 60 L.R.A. 459, 97 Am. St. Rep. 844, 70 S. W. 616. Therein it is, in effect, stated, that the act of one who volunteers to rescue property is the cause of the resulting injury and that the defendant causing the original negligent act is not liable to such volunteer. These cases are analyzed in Illinois Central Railroad Co. v. Siler, 229 Ill. 390, 82 N. E. 362, 15 L.R.A. (N.S.) 819, and Louisville & Nashville Ry. Co. v. Napier, 223 Ky. 417, 3 S. W. 2d 1070, and annotation following 64 A.L.R. 513.

The other rule is expressed in Eckert v. Long Island Railroad Co., 43 N. Y. 502, in which it is held that the proximate cause of injury to one who voluntarily interposes to save the life of a person imperiled by the negligence of another is the negligence which caused the peril.

In Highland v. Wilsonian Inv. Co., 171 Wash. 34, 17 P. 2d 631, it is stated:

"The proximate cause of the injury to the rescuer in such cases is the negligence of the person who created the dangerous situation. Bond v. Baltimore & Ohio Railroad Co., 82 W. Va. 557, 96 S. E. 932, 5 A.L.R. 201; Maryland Steel Co. v. Marney, 88 Md. 482, 42 A. 60, 42 L.R.A. 842, 71 Am. St. Rep. 441; Perpich v. Leetonia Mining Co., 118 Minn. 508, 137 N. W. 12.

"The authorities are practically unanimous to the effect that one who imperils himself in order to rescue a person who is in danger of being injured or killed through the negligence of another person may recover damages from the negligent person for injuries received while effecting such rescue. Eckert v. Long Island Railroad Co., 43 N. Y. 502, 3 Am. Rep. 721; Corbin v. City of Philadelphia, 195 Pa. 461, 45 A. 1070, 49 L.R.A. 715, 78 Am. St. Rep. 825; Maryland Steel Co. v. Marney, 88 Md. 482, 42 A. 60, 42 L.R.A. 842, 71 Am. St. 441; Pennsylvania Co. v. Langen-

dorf, 48 Ohio St. 316, 28 N. E. 172, 13 L.R.A. 190, 29 Am. St. Rep. 553; Mobile & Ohio Railroad Co. v. Ridley, 114 Tenn. 727, 86 S. W. 606, 4 Ann. Cas. 925; Saylor v. Parsons, 122 Iowa, 679, 98 N. W. 500, 64 L.R.A. 542, 101 Am. St. Rep. 283; Bond v. Baltimore & Ohio Railroad Co., 82 W. Va. 557, 96 S. E. 932, 5 A.L.R. 201; Wagner v. International Railway Co., 232 N. Y. 176, 133 N. E. 437, 19 A.L.R. 1."

In Wagner v. International Railway Co., supra, it is stated by Justice Cardozo in part:

"Danger invites rescue. The cry of distress is the summons to relief. The law does not ignore these reactions of the mind in tracing conduct to its consequences. It recognizes them as normal. It places their effects within the range of the natural and probable. The wrong that imperils life is a wrong to the imperiled victim; it is a wrong also to his rescuer. . . .

"The defendant says that we must stop, in following the chain of causes, when action ceases to be 'instinctive'. By this is meant, it seems, that rescue is at the peril of the rescuer, unless spontaneous and immediate. If there has been time to deliberate, if impulse has given way to judgment, one cause, it is said, has spent its force, and another has intervened. . . . We find no warrant for thus shortening the chain of jural causes. . . . The law does not discriminate between the rescuer oblivious of peril and the one who counts the cost. It is enough that the act, whether impulsive or deliberate, is the child of the occasion."

In Norris v. Atlantic Coast Line Railroad Co., 152 N. C. 505, 67 S. E. 1017, 27 L.R.A. (N.S.) 1069, it is stated:

"This being true, it is well established that, when the life of a human being is suddenly subjected to imminent peril through another's negligence, either a comrade or a bystander may attempt to save it, and his conduct is not subjected to the same exacting rules which obtain under ordinary conditions. . . . It is always required in order to establish responsibility on the part of defendant that the company should have been in fault, but, when

this is established, the issue is then between the claimant and the company; and, when one sees his fellow man in such peril, he is not required to pause and calculate as to court decisions, nor recall the last statute as to the burden of proof, but he is allowed to follow the promptings of a generous nature and extend the help which occasion requires, and his efforts will not be imputed to him for wrong, according to some of the decisions, unless his conduct is rash to the degree of recklessness; and all of them say that full allowance must be made for the emergency presented. This principle is declared and sustained in many well-considered and authoritative decisions of the courts and in approved text-writers, and prevails without exception so far as we have examined."

See, also, in this connection the last-cited cases in the annotation to 19 A.L.R. 13; Rovinski v. Rowe, 131 Fed. 687, and New York Central Ry. Co. v. Brown, 63 Fed. 2d 657; Sandri v. Byram, 30 Fed. 2d 784; and Erie Railroad Co. v. Caldwell, 264 Fed. 947.

We have repeatedly held that before a defendant is chargeable with responsibility to an injured person the negligent act of such defendant must be the proximate cause of the damage. City of Okmulgee v. Hemphill, 183 Okla. 450, 83 P. 2d 189; Clanton v. Chrisman, 174 Okla. 425, 51 P. 2d 748; Oklahoma Gas & Electric Co. v. Butler, 190 Okla. 393, 124 P. 2d 397; Shell Petroleum Corporation v. Worley, 185 Okla. 265, 91 P. 2d 679.

In Oklahoma Natural Gas Co. v. Courtney, 182 Okla. 582, 79 P. 2d 235, the rule with respect to the original wrongful act being proximate cause notwithstanding intervening acts is stated and its various aspects discussed at length. The third syllabus reads:

"Where there is an intervening, responsible agency, which directly produces the injury, as in this case, the question as to whether the original negligence is to be regarded as the proximate cause of the injury, or only as a condition, or remote cause, is to

be determined by ascertaining whether the agency which intervened was of such a character, and the circumstances under which it occurred were such, that it might have been reasonably expected that such agency or a similar one would intervene in such a way as to be likely to produce an injury similar to the one actually caused. If, under the circumstances, the intervention of such an agency in the manner stated might reasonably have been expected in the usual course of events, and according to common experience, then the chain of causation, extending from the original wrongful act to the injury, is not broken by the independent, intervening agency, and the original wrongful act will be treated as the proximate cause."

In our opinion there is nothing in the petition of the plaintiff herein to take this particular case outside the stated rule of proximate cause. The discussions which we have quoted above, indulged by other courts in considering the humanitarian instincts that govern the ordinary person when observing the imminent and extreme peril of a fellow human, derived from the logical consequences of known human reaction. For these reasons we are of the opinion that the petition of the plaintiff states a cause of action and that the trial court erred in sustaining the demurrer thereto.

The order of the trial court sustaining the demurrer to the petition is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

GIBSON, C. J., HURST, V. C. J., and RILEY, OSBORN, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.