CLAY v. CHESAPEAKE & O. RY. CO.

Court of Appeals of Kentucky.
May 1, 1951.

E. Poe Harris, Ashland, for appellant.

Browning & Gray, Ashland, for appellee.

MOREMEN, Justice.

Appellant, Alta Clay, filed a petition in the Boyd Circuit Court by which she sought to recover damages for injuries alleged to have been received as a result of the failure of appellee, Chesapeake & Ohio Railway Company, properly to maintain a railroad crossing with a public street in Catlettsburg, Ky. A demurrer to the petition was sustained, appellant declined to plead further, and the petition was dismissed. That part of the petition which is pertinent to the discussion that will follow reads:

"Brown Street is and continuously for a long period of years has been a much used public street of said city, and particularly at the point and place where it is occupied and crossed by the defendant's lines of tracks, being used both by day and by night by both pedestrians and automobiles and other vehicles in such numbers and with such frequency that their presence was reasonably to be anticipated at all times. Notwithstanding these facts and conditions, the defendant, on August 11, 1947, and for a long period of time had carelessly and negligently suffered and permitted said crossing to become, be and remain in a state of such bad repair as to be highly unsafe and dangerous for use by the public, whether on foot or in automobile or other vehicles.

"On the date indicated above this plaintiff and her sister, in an automobile which was being driven by the latter, undertook, in their use of Brown Street, to drive onto, over and across said crossing, and they did succeed in getting their car on to it. Due, however, to the crossing's aforesaid bad repair and consequent dangerous and unsafe condition, they were unable to clear it or to get the automobile to a point or position where it would be safe from trains, whose approach and presence were imminent. In these circumstances and in an effort to avoid a collision by one or more of the defendant's trains with the automobile this plaintiff undertook by her physical efforts and exertions to move or assist in moving the automobile off the track and crossing, but in doing so she was overstrained and thereby injured in her spine, back, arms, shoulders, hips, legs and internally."

It has been recognized that a person who is confronted with a sudden emergency may not always select the best means of extricating himself or property from the threat of imminent danger, and he is, therefore, not held to the strict accountability required of one who has had time for deliberation.

In the case of Illinois Cent. R. Co. v. Wilkins, 149 Ky. 35, 147 S.W. 759, it was written: "The rule of law is that when a person is placed in a position of peril by the negligence of another, and is compelled to choose instantly what to do to save himself, if he chooses as a person of ordinary prudence would have in such a position and is injured, he has a right to recover, notwithstanding the fact that, if he had made a different choice, he would not have been injured."

However, this court has also recognized the rule that a prior and remote cause cannot be made the basis of an action if the remote cause of negligence did nothing more than to furnish the condition or provide the occasion by which the injury was made possible, and where, after the occurrence of the primary negligence but before the injury, there intervened a distinct, unrelated, and efficient cause of the injury. Louisville & N. R. Co. v. Napier, 223 Ky. 417, 3 S.W.2d 1070, 64 A.L.R. 513.

It is necessary to examine the allegations of the petition, above quoted, in order to decide whether they are sufficient to meet the requirements of these rules of law.

It was alleged that after the automobile entered the crossing, due to its bad state of repair and dangerous condition, the occupants were unable to clear the crossing or to get the automobile to a point where it would be safe from "trains, whose approach and presence were imminent." The words used do not create an image of immediate peril. The fact that a reference is made to "trains" seems to negate the idea that any train, at this time, was bearing down upon the crossing. This view is

magnified by the succeeding sentence, wherein it is said, "in an effort to avoid a collision by one or more of the defendant's trains with the automobile this plaintiff undertook by her physical efforts and exertions to move or assist in moving the automobile off the track * * *."

We are of opinion that appellant failed to allege facts from which may be drawn a proper inference that the destruction of the automobile was imminent. Exigencies which gave rise to the rule that a person confronted with an emergency is not held to the strict accountability required of one who has had time for deliberation are not presented by factual allegations in the petition. The pressure of instantaneous decision was not presented. In this state of case a person is not given the latitude enjoyed by those whose action must almost be reflex in nature. Such a person must act prudently and according to accepted patterns of behavior.

We are also of opinion that the alleged defective condition of the crossing was at most a remote cause of the injury and that a distinct cause of injury intervened. It was alleged in the petition that in an attempt to remove the automobile from the tracks, appellant over-strained and thereby injured herself. We believe that this negligent action by plaintiff was the proximate cause of her injury.

We have held in a number of cases that a person is the best judge of his own strength. Louisville & N. R. Co. v. Yett, 293 Ky. 71, 168 S.W.2d 556; Louisville & N. R. Co. v. Alexander, 277 Ky. 719, 127 S.W.2d 395, 397, in which case we said: "It seems to the court that this case comes within the rule that as a man is the best judge of his own physical strength, if he undertakes to lift a load heavier than he is able to bear and is thereby injured, he assumes the risk and cannot shift responsibility for his mistaken judgment on to the master."

It is true that the statements were made in cases involving the master and servant relationship but this fact does not in any degree affect the logic upon which the rule is based. When a person recklessly dis-

regards the limitation of his physical capacity by violent exertion, the negligence is his own, because the action is entirely voluntary on his part and he should be held accountable for his imprudence.

The demurrer to the petition was properly sustained by the trial court; therefore, the judgment is affirmed.

LATIMER, J., dissents.