Mary Lou RICHARDSON, Administratrix
of the Estate of James Harold
Richardson, Deceased,

v.

UNITED STATES of America.

Mary Lou RICHARDSON, Administratrix
of the Estate of Ronnie Pierce
Richardson, Deceased,

v.

UNITED STATES of America.

Mary Lou RICHARDSON, Administratrix
of the Estate of Robert Lee
Richardson, Deceased,

v.

UNITED STATES of America.

Mary Lou RICHARDSON

v.

UNITED STATES of America.

Civ. Nos. 5474–5477.

United States District Court
E. D. Oklahoma.

Sept. 29, 1965.

Rainey & Barksdale, Okmulgee, Okl., for plaintiff.

Bruce Green, U. S. Atty., and Jan Cartwright, Asst. U. S. Atty., Muskogee, Okl., for defendants.

DAUGHERTY, District Judge.

These are four actions brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), which have been consolidated for trial and decision. The plaintiff in No. 5474 is the administratrix of the estate of James Harold Richardson, deceased, and seeks damages for his wrongful death claimed to be due to the negligence of the defendant, said damages consisting of the loss of contributions and consortium, conscious pain and suffering and funeral expenses. In No. 5475 the plaintiff as administratrix of the Estate of Ronnie Pierce Richardson seeks damages for his wrongful death claimed to be due to the negligence of the defendant and also seeks recovery for his conscious pain and suffering. In No. 5476 the plaintiff as administratrix of the estate of Robert Lee Richardson seeks the same recovery for that decedent as claimed in No. 5475. In No. 5477 the plaintiff seeks recovery for her own personal injuries, conscious pain and suffering and medical expenses claimed to have been caused or incurred by the negligence of the defendant.

It is the claim of the plaintiff in each case that she and each of the decedents involved were invited, or at least permitted, by the defendant to fish in a certain area south of the dam at the Fort Gibson Reservoir and that under the circumstances and conditions then and there existing on August 15, 1963, the defendant failed to exercise ordinary care to maintain said area in a reasonably safe condition for the intended use by those invited or permitted to fish there and to warn the plaintiff and each decedent of a hidden dangerous condition then and there existing which was created by defendant and which brought about the death of said three decedents and injuries to the plaintiff. It is further claimed by the plaintiff in Case No. 5475 that the decedent therein, after his father, the decedent in Case No. 5474, was endangered by the negligence of the defendant, went to the rescue of his said father and in such rescue attempt lost his life. The plaintiff in Case No. 5477 claims that her own personal injuries and damages were sustained when she attempted to rescue members of her family whose lives were endangered by and through the negligence of the defendant.

In support of the foregoing, the plaintiffs assert that the decedents and plaintiff were invited, or permitted by the defendant, to engage in fishing in an area below the dam at the Fort Gibson Reservoir south of a buoy line or cable stretched across the river bed and were permitted to so use said area for fishing purposes either from the bank or by wading out into the river bed. That on the occasion involved herein, the defendant in the operation of the powerhouse connected with said dam and reservoir put all four of the turbines in action and permitted them to so operate over a period of several hours. This course of action on the part of the defendant brought about the release of considerable water from the reservoir through the

four turbines and into the river bed below the dam. At approximately 5 o'clock p. m. on the date involved the defendant in the matter of four to five minutes closed or took out of action three of the four turbines, leaving the fourth turbine in operation at near full capacity. That the result of this action was to cause the level of the water in the river bed below the dam to quickly lower. The continued operation of the fourth turbine, however, injected a large stream of water directly to the south and brought about a dangerous hidden condition in the area in which the defendant invited and permitted fishing in that said large stream of water from the fourth turbine was propelled south against an island mass in the river bed which diverted a part of the same to the east and thence north against an east retaining wall and back up to the dam. This condition brought about by the action and conduct of the defendant produced a dangerous hidden condition in the area in which fishing was invited and permitted and in which the decedents were located in that a sufficiently steady flow and current of water in the nature of a circulating eddy was created which had the capability of sweeping fishermen from their feet and carrying them in said current into deep and dangerous waters from which rescue was difficult if not impossible. Plaintiffs further claim that as a result of this dangerous hidden condition the decedent, James Harold Richardson, and decedent, Robert Lee Richardson, were caught in said current and drowned and the decedent, Ronnie Pierce Richardson, in attempting the rescue of his father who was so endangered by the defendant lost his life by drowning in said current and the plaintiff Mary Lou Richardson in attempting to rescue members of her family so endangered by the defendant received her injuries and damages in the same fashion but was rescued before drowning.

The defendant admits jurisdiction herein but denies that any of the deaths and injuries resulted from any fault or neglect on its part. In Case 5474 the defendant alleges contributory negligence on the part of the decedent therein, James Harold Richardson, and also the defense of assumption of risk by said decedent. In Case No. 5475 the defendant alleges that the decedent therein, Ronnie Pierce Richardson, was guilty of contributory negligence and also that he was not justified in undertaking the rescue of his father under the circumstances and conditions then and there existing. In Case No. 5476 the defendant alleges that the decedent therein, Robert Lee Richardson, was guilty of contributory negligence and that he assumed the risk in using the area in which he lost his life. In Case No. 5477 the defendant further alleges that the plaintiff therein was guilty of negligence in attempting a rescue which she was not justified in attempting under the conditions and circumstances then and there existing and that upon entering the water as she did she assumed all risks connected therewith.

The Court makes the following findings of fact from the evidence presented regarding these controversies:

The plaintiff Mary Lou Richardson and all decedents were invited and permitted by the defendant to use for recreational and fishing purposes those areas south of the Fort Gibson Dam which were not restricted. The unrestricted areas south of the Dam consisted of a fishing pier on a concrete retaining wall on the eastern bank of the river, the eastern bank of the river south of the retaining wall and that area of the river bed south of a buoy line or cable which was placed across the river bed from east to west at a point approximately 475 feet south of the Dam. On August 15, 1963, around 5 o'clock p. m. the plaintiff Mary Lou Richardson and the three decedents involved were along the eastern bank of the river in the area south of the Dam when the defendant closed turbines one, two and three, so numbered from east to west, following which action by the defendant the three decedents and other fishermen entered the water and river bed south of said buoy line and

waded out in depths of water varying from ankle to near waist depth. Turbine No. 4 was continued in operation at near full capacity and was discharging a large stream of water in a southerly direction which crossed the said buoy line or cable and against an island mass in the river bed south of said buoy line, a portion of which stream was then by said island mass diverted to the east and thence back north to the Dam. The current of this stream of water for the most part and particularly in the area in which the decedents were located was not visible but operated below the surface of the water. The decedent, James Harold Richardson, while wading in knee deep water at a point approximately 40 to 50 feet south of the buoy line and in the water current caused by turbine 4, lost his footing because of said current and was carried by said current despite his efforts to the contrary to the east and thence north into deeper water and against or near a concrete retaining wall in which area he lost his life by drowning. The decedent, Ronnie Pierce Richardson, age 15 years, upon hearing his father call for help after being caught in said current, attempted to assist his father from his location, which at that time was immediately south of the buoy line, and in doing so was likewise caught in said current, lost his footing and was carried by said current to the east and thence to said retaining wall and on north to a point where he lost his life by drowning. The decedent Robert Lee Richardson, age 13 years, at a point immediately south of said buoy line, was also caught in said current and by the same caused to lose his footing and be carried to the east and thence north to the retaining wall and on north to a point where he lost his life by drowning. The plaintiff Mary Lou Richardson upon seeing the plight of her husband and two sons from her location on the east bank south of the buoy line and retaining wall, attempted a rescue effort by entering the water and did reach her son Ronnie but was unable to effect his rescue. She was also caught in said water current and by the same carried to the east and to the north and against said retaining wall and on north parallel to said retaining wall to a point approximately 40 feet south of the dam and powerhouse at which location she was rescued by a man in a boat.

The Court further finds that the current of water created by the actions of defendant extended south into and traversed a sizeable portion of the area to which the public and the plaintiff and decedents herein were invited to wade and fish and then moved back north into deeper water situated north of the buoy line. Said current of water created a circulating eddy and had speeds south of the buoy line of near two miles per hour. This condition as it existed was dangerous to the public and the decedents herein as they used that area of the river bed south of the buoy line. As to the plaintiff and decedents herein it was a hidden danger, being unknown to them and unsuspected by them until it was too late to avoid the tragedies that ensued. The defendant posted no signs and gave no warnings to the decedents regarding this dangerous hidden condition. This dangerous condition was created by the defendant and was known to the defendant or in the exercise of ordinary care should have been known by defendant.

The Court also finds from the evidence that the three decedents involved herein and the plaintiff Mary Lou Richardson were not guilty of contributory negligence as claimed by the defendant but that all were conducting themselves as ordinarily prudent persons would and should conduct themselves under the same or similar circumstances, which finding includes the rescue attempts and efforts made by Ronnie Pierce Richardson and the plaintiff Mary Lou Richardson.

The Court further finds that through negligence of the defendant in creating a condition dangerous to its invitees, including the plaintiff and decedents herein, and failing to warn its invitees thereof, including the plaintiff and decedents

herein, the decedent James Harold Richardson and Robert Lee Richardson were placed in danger of their lives by drowning, whereupon the decedent Ronnie Pierce Richardson, and when he became likewise endangered the plaintiff Mary Lou Richardson, attempted to rescue those so endangered by the negligence of defendant. The decedent James Harold Richardson called for help and assistance and the decedent Ronnie Pierce Richardson responded to his call as the natural, normal and foreseeable response to his condition of danger and the plaintiff Mary Lou Richardson seeing her husband and sons in danger of drowning, which condition was brought about by the negligence of the defendant, responded to such danger to her family by an attempted rescue of one or all of her family, and as a result of such rescue effort on their parts the decedent Ronnie Pierce Richardson lost his life by drowning, and the plaintiff Mary Lou Richardson was rescued from drowning but in nearly drowning sustained permanent personal injuries and conscious pain and suffering and incurred medical expenses. The Court finds that the original negligence of the defendant in so creating a dangerous and hidden condition and failing to warn thereof was the proximate cause of and a substantial factor in, causing the said decedent, Ronnie Pierce Richardson to lose his life by drowning in a rescue attempt and was the proximate cause of and a substantial factor in causing the said Mary Lou Richardson to sustain personal injuries, conscious pain and suffering and her medical expenses in a rescue attempt.

The Court further finds that the chain of causation initiated by the original wrongful and negligent conduct of the defendant as aforesaid was not broken by an independent and intervening agency but extended unbroken as the proximate cause in normal and reasonable expectation of the loss of life of the decedent, Ronnie Pierce Richardson, and the losses and damages sustained by the plaintiff Mary Lou Richardson in their respective rescue attempts as aforesaid.

Regarding case No. 5474, the Court finds that the decedent, therein, age 36 at death, had a life expectancy of 31.78 years; that his weekly earning capacity at the time of his death was approximately $86.00 per week ($66.00 from post office and $20.00 in car repair work); that reasonable contributions therefrom inuring to the benefit of his family, and loss of consortium, all lost by his death, would total the sum of $38,000.00; that his necessary and reasonable funeral and ambulance expenses amounted to $1170.38; that for his conscious pain and suffering endured prior to death the sum of $500.00 is fixed as reasonable damages therefor.

Regarding case No. 5475, the Court finds that the decedent therein was earning money by working and was contributing a portion of the same to the benefit of the family and would continue to have done so until reaching his majority, and that damages sustained through this loss of contribution to the family after considering his maintenance expenses until majority would be $2000.00; that reasonable damages for his conscious pain and suffering are in the amount of $500.00.

Regarding case No. 5476, the Court finds that the decedent therein was earning money and contributing a portion of the same to and for the benefit of the family and would continue doing so until reaching his majority and that damages sustained through this loss of contributions to the family after considering his maintenance expenses until majority would be $2000.00; that reasonable damages for his conscious pain and suffering are in the amount of $500.00.

Regarding case No. 5477, the Court finds that the near drowning of the plaintiff caused injuries to her person in the nature of permanent organic brain damage and emotional insult; that the same has brought about a reduction in her future earning capacity, all to her damage in the sum of $7500.00; that reasonable damages for her conscious pain and suffering are in the amount of $1000.00; that her necessary and rea-

sonable medical expenses recoverable herein amount to $683.46.

The Court makes the following conclusions of law herein:

(1) All of the claims herein are proper federal court claims and the Court has jurisdiction to entertain the same. 28 U.S.C. § 1346(b).

(2) The three decedents involved and the plaintiff Mary Lou Richardson were invitees of the defendant and when overtaken by the tragedies herein were using those portions of the premises of the defendant which were authorized and permitted for their use by defendant. City of Sapulpa v. Young, 147 Okl. 179, 296 P. 418; Oklahoma Law Review, Vol. 17, Number 2, May, 1964, page 231.

(3) That they were not trespassers upon the premises of the defendant. City of Sapulpa v. Young, supra.

(4) That by virtue of the relationship of proprietor-invitee existing between the defendant and the three decedents and Mary Lou Richardson at all times involved herein the defendant owed the legal duty to said invitees to exercise ordinary care to keep and maintain the premises involved in reasonably safe condition for their intended use, and to warn said invitees of any hidden dangers, traps, snares or pitfalls existing on that portion of its premises to which it invited public use thereof. City of Sapulpa v. Young, supra; Champlin Hardware Co. v. Clevinger, 158 Okl. 10, 12 P.2d 683.

(5) That the doctrine of res ipsa loquitur does not apply to the situations herein, as claimed by plaintiffs, since plaintiffs plead and proved specific acts of negligence by defendant causing the deaths and injuries, and inasmuch as the necessary element of exclusive control by the defendant does not exist herein since drowning, the cause of the deaths, involves some measure of control by the decedents. Bowring v. Denco Bus Lines, Inc., 196 Okl. 1, 162 P.2d 525; Cosden v. Wright, 202 Okl. 211, 211 P.2d 523; Tillery v. Ellison, Okl., 345 P.2d 434.

(6) The doctrine of assumption of risk does not apply herein as claimed by defendants, in view of the relationship between the parties and since the negligence of defendant was in the nature of a hidden dangerous condition, unknown to the three decedents or the plaintiff Mary Lou Richardson and a failure to warn thereof, and a normal or obvious risk is not involved. 65 C.J.S. Negligence § 50, page 541; City of Drumright v. Moore, 197 Okl. 306, 170 P.2d 230; Safeway Stores, Inc. v. Sanders, Okl., 372 P.2d 1021.

(7) That under the evidence herein the doctrine of attractive nuisance, as claimed by plaintiffs, is not applicable herein. J. C. Penney Company v. Clark, Okl., 366 P.2d 637; Sinclair Prairie Oil Co. v. Smith, 186 Okl. 631, 99 P.2d 903.

(8) Under the evidence herein, the conduct of the three decedents and the plaintiff Mary Lou Richardson, was not negligent or contributorily negligent but was reasonably prudent under the circumstances including the efforts to rescue.

(9) When one suffers death or personal injuries while attempting to rescue another who has been put in danger through the negligence of a third party, such third party's negligence is the proximate cause of and is responsible for such death or personal injuries when such rescue acts or attempted acts were of such character as to be naturally called forth by such negligence. 166 A.L.R. 752; Wagner v. International Ry. Co., 232 N.Y. 176, 133 N.E. 437; Oklahoma Power & Water Co. v. Jamison, 188 Okl. 118, 106 P.2d 1097; Merritt v. Oklahoma Natural Gas Company, 196 Okl. 379, 165 P.2d 342.

It is the decision of the Court that by virtue of the foregoing findings of fact and conclusions of law, the plaintiff in case No. 5474 is entitled to judgment against the defendant for the total sum of $39,670.38; that the plaintiff in case No. 5475 is entitled to judgment against the defendant in the total sum of $2500.00; that the plaintiff in case No. 5476 is entitled to a judgment against

the defendant in the total sum of $2500.00; and that in case No. 5477 the plaintiff therein is entitled to judgment against the defendant in the total sum of $9183.46.

Counsel for plaintiff will prepare appropriate judgments in each case in conformity with the foregoing and present the same to the Court.