**Rhoda CARTER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 5570.**

United States District Court
E. D. Oklahoma.

Sept. 29, 1965.

Rainey & Barksdale, Okmulgee, Okl., for plaintiff.

Bruce Green, U. S. Atty., and Jan Cartwright, Asst. U. S. Atty., Muskogee, Okl., for defendant.

DAUGHERTY, District Judge.

This case being related to consolidated Cases Nos. 5474, 5475, 5476 and 5477, D.C., 248 F.Supp. 99, previously tried by the Court attorneys for both sides agreed that the evidence received in such consolidated cases pertaining to the operation of the dam and reservoir by the defendant and the activities of the three decedents in said cases and the plaintiff therein, Mary Lou Richardson, including all rescue efforts, may be considered as being received as evidence herein for all pertinent purposes.

The plaintiff herein was fishing from the east bank of the river below the dam at the Fort Gibson Reservoir on August 15, 1963, when James Harold Richardson and his two sons, Ronnie Pierce

Richardson and Robert Lee Richardson, were drowned and the wife and mother, Mary Lou Richardson, was nearly drowned.

The plaintiff witnessed the said drownings and the rescue attempts related thereto, and claims that she also attempted a rescue mission for the said Mary Lou Richardson, as a result of which she received personal injuries in the nature of a broken right wrist, an aggravation of a pre-existing arthritic condition, bruises, pain and suffering, and has been required to incur certain medical and hospital expenses. Plaintiff claims that due to the negligence of the defendant in creating a hidden dangerous condition in the water below the dam in which they invited the public to fish and failing to warn of said condition, the said James Harold Richardson became caught in a circulating current or eddy of water and was being carried against his will and efforts into deep and dangerous waters, whereupon one of his sons Ronnie Pierce Richardson, attempted his rescue, and then becoming identically involved as was his father, the said Mary Lou Richardson, wife and mother of the two children, entered the water from the bank in an attempt to rescue the said Ronnie Pierce Richardson and in doing so she nearly drowned but was rescued short of death by a fisherman in a boat who brought her ashore near the plaintiff in a near drowned or unconscious or semi-conscious condition, whereupon the plaintiff in going for medical assistance for Mary Lou Richardson, fell while hurrying up nearby wooden steps, from which fall she sustained personal injuries and losses sued for herein. Plaintiff claims that the original negligence of the defendant was the proximate cause of the plight of the said James Harold Richardson, was the proximate cause of the rescue effort and subsequent death of his son, Ronnie Pierce Richardson, was the proximate cause of the rescue effort and subsequent personal injuries of the said Mary Lou Richardson and was the proximate cause of the rescue effort of the plaintiff and

her injuries and damages received as a result thereof.

As an alternate to the rescue theory and to place responsibility on the defendant for plaintiff's alleged injuries and losses the plaintiff also claims that the defendant failed to exercise ordinary care in the construction and maintenance of the wooden steps on which plaintiff fell to keep the same reasonably safe for their intended use by the public.

The defendant admits jurisdiction, admits the operation and control of the dam and reservoir involved, admits the construction and maintenance of the wooden steps involved but denies that it was negligent in any way either originally to James Harold Richardson, or otherwise to plaintiff by virtue of the operation of said dam and reservoir and the construction and maintenance of the wooden steps involved.

Defendant also claims that plaintiff was contributorily negligent and assumed all risks in the use of said wooden steps.

The Court makes the following findings of fact herein based upon the evidence received:

The Court finds that the defendant was guilty of negligence toward the said James Harold Richardson as set out in the findings of fact made in the memorandum opinion filed in the said four consolidated cases and further finds the said original negligence of the defendant extended to the rescue efforts of the said Ronnie Pierce Richardson and thence to the rescue efforts of Mary Lou Richardson, all as set out in the aforementioned memorandum opinion. In addition the Court finds that the plaintiff witnessed the triple drowning and the unsuccessful rescue efforts of the said Mary Lou Richardson and then saw the said Mary Lou Richardson placed upon the bank in her presence and view in a serious condition from near drowning and while unconscious or semiconscious and in such condition that to a normal and reasonable person she, the said Mary Lou Richardson, was in need of immediate medical attention. That

the hurried efforts of the plaintiff to obtain this relief were the natural and normal response of a reasonable person based upon the activities, appearance and condition of the said Mary Lou Richardson. That the acts of the plaintiff in going for medical assistance for the said Mary Lou Richardson was an act of rescue. The Court further finds that the plaintiff acted as a normal and reasonably prudent person would have acted under the same or similar circumstances, and that she was not guilty of contributory negligence in the matter. The Court does not find that the wooden steps involved were negligently constructed nor negligently maintained by the defendant but that defendant exercised ordinary care in the construction and maintenance of said wooden steps and that the same were in reasonably safe condition for their intended ordinary use by the public.

The Court further finds that the plaintiff was a housewife 62 years of age and as a result of said fall sustained a broken right wrist and a traumatic aggravation to an arthritic condition pertaining to the same area. That she has sustained and will sustain pain and suffering evaluated at $500.00, and that her reasonable and necessary medical expenses resulting from her injuries amounted to $85.00. The Court finds that plaintiff received some permanent disability to her right wrist which has reduced her earning capacity and ability to work for which she is entitled to damages in the sum of $2000.00, for a total recovery against defendant herein of $2585.00.

The Court makes the following conclusions of law herein:

(1) The claim of plaintiff is proper under the Federal Tort Claims Act and the Court has admitted jurisdiction herein. 28 U.S.C. § 1346(b).

(2) The said James Harold Richardson, Ronnie Pierce Richardson, Mary Lou Richardson, and the plaintiff herein, were all invitees of the defendant and were all at authorized locations on defendant's premises when the difficulties involved commenced. City of Sapulpa v. Young, 147 Okl. 179, 296 P. 418; Oklahoma Law Review, Vol. 17, Number 2, May, 1964, page 231.

(3) None of the above named were trespassers upon the premises of the defendant. City of Sapulpa v. Young, supra.

(4) The defendant owed the legal duty to its invitees including the above named to exercise ordinary care to keep and maintain the premises involved in reasonably safe condition for their intended use and to warn said invitees of any hidden dangers, traps, snares, or pitfalls existing on that portion of its premises to which it invited use thereof. City of Sapulpa v. Young, supra; Champlin Hardware Co. v. Clevinger, 158 Okl. 10, 12 P.2d 683.

(5) Under the evidence the conduct of the plaintiff was not negligent or contributorily negligent herein but acted in a reasonably prudent manner under the circumstances then and there existing.

(6) Under the rescue doctrine, the original negligence of a wrongdoer against a party may be the proximate cause of injury sustained by another who goes to the rescue of the party negligently placed in danger if the rescue acts done or attempted were of such character as to be naturally called for by such negligence. 166 A.L.R. 752; Wagner v. International Ry. Co., 232 N.Y. 176, 133 N.E. 437; Oklahoma Power & Water Co. v. Jamison, 188 Okl. 118, 106 P.2d 1097; Merritt v. Oklahoma Natural Gas Company, 196 Okl. 379, 165 P.2d 342.

(7) The original act of negligence described in the paragraph immediately above may be the proximate cause of subsequent injury sustained by successive parties who engage in rescue missions of those previously undertaking a rescue mission as a result of said original negligence. Wagner v. International Ry. Co., supra.

(8) The act of going for needed medical assistance is within the purview of a rescue under the rescue doctrine. Wagner v. International Ry. Co., supra.

It is the decision of the Court that by virtue of the foregoing findings of fact and conclusions of law that plaintiff herein is entitled to judgment against the defendant in the total sum of $2585.00.

Counsel for plaintiff will prepare an applicable judgment in conformity with the foregoing for entry herein.