**Susan DAY, Appellant,**

v.

**WAFFLE HOUSE, INC., a corporation, Appellee.**

**No. 64463.**

Court of Appeals of Oklahoma, Division No. 3.

Sept. 15, 1987.

---

Larry G. Cassil & Steven S. Mansell, Oklahoma City, for appellant.

David D. Wilson & Chris Harper, Oklahoma City, for appellee.

BAILEY, Judge:

This case comes on for review of the Trial Court's grant of Appellee's motion for summary judgment on Appellant's cause of action, which determined the case. Appellant Susan Day (Appellant or Day) and her friend, Freddie Farris, went to Appellee Waffle House restaurant (Appellee or Restaurant) for a meal. Freddie went into the restaurant and ordered his meal, while Appellant went across the street to a convenience store to make a telephone call. While eating, Freddie discovered broken glass in his food, and began spitting out food, broken glass and blood.

At this time, Appellant entered the restaurant, discovered Freddie in distress, and observed a bloody napkin with food and

broken glass. She then requested that restaurant employees summon an ambulance. Apparently, the only out-going telephone line was behind locked doors, and, professing their inability to telephone for assistance, the restaurant demanded payment for Freddie's meal. Payment was made, and Appellant placed Freddie in her automobile with the intention to take Freddie to the nearest hospital.

En route to the hospital and as Appellant entered an intersection adjacent to the restaurant on a green light, another automobile collided with Appellant, causing Appellant and Freddie injury. Appellant and Freddie then filed suit against Appellee for their injuries under a negligence theory. On Appellee's motion for summary judgment, Appellant asserted under the uncontroverted facts that Waffle House was negligent as to Freddie as evidenced by the presence of the broken glass in his food, and that Appellee was liable to Appellant for her injuries from the auto accident under the "rescue doctrine". The Trial Court found that Appellee was not negligent as to Appellant, and granted summary judgment for Appellee. From that ruling, Appellant seeks review.

■■■ Initially, it is clear under Oklahoma law that an injured person may recover from a food supplier in negligence for injuries sustained by virtue of consumption of tainted or adulterated foods sold by that supplier. *Linker v. Quaker Oats Co.,* 11 F.Supp. 794 (N.D.Okl.1935); *Oklahoma Coca-Cola Bottling Co. v. Dillard,* 208 Okl. 126, 253 P.2d 847 (1953); *Southwest Ice & Dairy Prod. Co. v. Faulkenberry,* 203 Okl. 279, 220 P.2d 257 (1950); *Safeway Stores v. Fuller,* 189 Okl. 556, 118 P.2d 649 (1941). Under a negligence theory, the injured consumer must establish the traditional elements of the existence of a duty to the injured party, a breach of that duty, and damages proximately flowing therefrom. *Safeway Stores v. Fuller, supra.* (Suit in negligence against grocery store for damages sustained from eating tainted sausage sold by store.)

■■■ The law of this state also recognizes that one who rescues or attempts to rescue a person from a dangerous situation and incurs injury by virtue of the rescue or attempt, may recover from the party whose negligence caused the party or another to be in a dangerous situation. *Fulton v. St. Louis-San Francisco Ry. Co.,* 675 F.2d 1130 (10th Cir.1982); *Carter v. U.S.,* 248 F.Supp. 105 (E.D.Okl.1965); *Atchison, Topeka & Santa Fe Ry. Co. v. Kennard,* 199 Okl. 1, 181 P.2d 234 (1946); *Merritt v. Okla. Nat. Gas Co.,* 196 Okl. 379, 165 P.2d 342 (1946). Under the "rescue doctrine," negligence as to the victim constitutes negligence as to the rescuer, and there exists an independent duty of care as between the negligent party and the rescuer:

> "... [U]nder the 'rescue doctrine,' efforts to protect the personal safety of another have been held not to supercede the liability for the original negligence which has endangered it. Whether or not the rescuer is to be recognized as 'foreseeable,' it has been recognized since the early case of the crowd rushing to assist the descending balloonist that [a rescuer] is nothing abnormal. 'The risk of rescue if only it be not wanton, is born of the occasion. The emergency begets the man.' THERE IS THUS AN INDEPENDENT DUTY OF CARE OWED TO THE RESCUER HIMSELF, which arises even when the defendant endangers no one's safety but his own." Prosser, Handbook of the Law of Torts, § 44, p. 277, (1971 Ed.). (Emphasis added.)

The Honorable Justice Cardozo, on whose statement of the law the Oklahoma Supreme Court relied in *Merritt v. Okla. Nat. Gas. Co., supra,* established the rule thusly:

> "Danger invites rescue. The cry of distress is the summons to relief. The law does not ignore these reactions of the mind in tracing conduct to its consequences. It recognizes them as normal. It places their effects within the range of the natural and probable. THE WRONG THAT IMPERILS LIFE IS A WRONG TO THE IMPERILED VICTIM; IT IS A WRONG ALSO TO HIS RESCUER." *Wagner v. International Railway Co.,* 232 N.Y. 176, 133 N.E. 437 (1921), cited

in *Merritt v. Okla. Nat. Gas Co., supra,* 165 P.2d 342, 343. (Emphasis added.) Thus, in actions based on the rescue doctrine under Oklahoma law, an injured party may recover damages for injury sustained in a rescue or attempt from the original tortfeasor if it can be shown that it was the original tortfeasor's negligence that placed the rescued person in peril, and that the rescuer suffered injuries in the rescue or attempt. *Carter v. U.S., supra; Fulton v. St. Louis-S.F. Ry. Co., supra; Merritt, supra.*

 Under this law and the uncontroverted facts presented on the motion for summary judgment, we find the trial court erred in granting Appellee judgment. The facts show, although reasonable men might differ, that Appellee arguably breached its duty of reasonable care in serving glass-laced food to Freddie, and that Freddie suffered injuries caused thereby. Appellee owed a commensurate duty to others, such as Appellant, to use ordinary care not to place Appellee's customers in peril, especially since a rescue attempt is a foreseeable consequence of the restaurant's breach of duty. *Prosser, supra; Merritt, supra.* That Appellant's injuries were sustained in the course of a rescue attempt is undisputed, and an attempt to obtain medical treatment or assistance is such an act as to come within the purview of compensability under the rescue doctrine. *Carter v. U.S., supra,* 248 F.Supp. 105, 107–108. (Plaintiff that was injured as she went for medical assistance may recover under rescue doctrine.) There remained substantial fact questions as to the reasonableness of or negligence in Appellant's and Appellee's respective actions, whether the acts of Appellee were the cause of Appellant's injuries and the application of Oklahoma Law to these facts. As there remained substantial fact questions to be determined, the grant of summary judgment was error. Dist.Ct.Rule 13, Rules of District Court, 12 O.S., ch. 2, App. The motion for summary judgment should have been denied since reasonable men, in the exercise of fair and impartial judgment, and indulging all inferences in favor of Appellant, might reach different conclusions under the facts of this case. *See, e.g., Northrip v. Montgomery Ward & Co.,* 529 P.2d 489 (Okl.1974); *Rose v. Sapulpa Rural Water Co.,* 631 P.2d 752 (Okl.1981).

The order of the Trial Court granting summary judgment for Appellee is therefore REVERSED, and this cause REMANDED for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

HANSEN, P.J., concurs.

HUNTER, J., dissents.